**In re William Edward GARDNER, Respondent.**

**No. 92–SP–221.**

District of Columbia Court of Appeals.

Submitted Nov. 19, 1992.

Decided May 27, 1993.

Michael S. Frisch, Asst. Bar Counsel, Washington, DC, for the Office of Bar Counsel.

William Edward Gardner, pro se.

Before ROGERS, Chief Judge, and TERRY and SULLIVAN, Associate Judges.

PER CURIAM:

Respondent, William E. Gardner, was admitted to the bars of Virginia and the District of Columbia. In May 1989, respondent was found guilty in the Circuit Court of Fairfax County, Virginia, of possession of cocaine [1] and was subsequently suspended by the Supreme Court of Virginia. On March 12, 1992, this court received a certified copy of the Virginia order and *sua sponte* suspended respondent from the Bar of the District of Columbia pursuant to D.C. Bar R. XI, § 11(d) pending final disposition of a reciprocal discipline proceeding. The court also filed an order directing respondent to show cause why the identical discipline should not be imposed in the District of Columbia and directed the Board on Professional Responsibility ("the Board") to recommend whether reciprocal discipline should be imposed.

The Board filed a Report and Recommendation which we set forth *seriatim* in this order. The Board recommended to this court that reciprocal discipline not be imposed on respondent pursuant to D.C. Bar R. XI, § 11 and that the case be referred to Bar Counsel for "appropriate action," pur-

---

1. Although this offense is a misdemeanor in the District of Columbia, it is a felony in the state of Virginia.

suant to D.C. Bar R. XI, § 11(g)(3). We remand the case to the Board for further proceedings *de novo* pursuant to D.C. Bar R. XI, § 8.

Respondent was disciplined in Virginia pursuant to a disciplinary rule that provides that illegal conduct that adversely reflects on a respondent's fitness to practice law is grounds for discipline. The comparable rule in the District of Columbia at the time that respondent committed the disciplinary violation in Virginia was DR 1–102(A)(3), which provided that a lawyer shall not "engage in illegal conduct *involving moral turpitude* that adversely reflects on his fitness to practice law." Relying on decisions in *In re Falls,* BPR Dkt. No. 86–1359 (D.C. May 12, 1987) and *In re Confidential,* BPR Dkt. No. 209–86, the Board concluded that possession of cocaine is not a crime involving moral turpitude. Thus, the Board recommended to this court that reciprocal discipline not be imposed pursuant to D.C. Bar R. XI, § 11(c)(5).[2]

Notwithstanding its recommendation that reciprocal discipline not be imposed, the Board also recommended to the Court that this matter be referred to Bar Counsel for "appropriate action" because of respondent's failure to report to this court his Virginia felony conviction, pursuant to D.C. Bar R. XI, § 10(a). Moreover, the Board was troubled that the Virginia State Bar made findings which suggest that respondent's use of cocaine was more than "recreational" and that it affected his professional performance and caused two other disciplinary violations in Virginia.

■ Rather than proceed in a piecemeal manner, i.e., to first address the Board's recommendation regarding reciprocal discipline and to then refer the Board's other concerns to Bar Counsel, we are of the opinion that the most efficient way to proceed is to remand this case to the Board for *de novo* proceedings to address the Board's additional concerns pursuant to D.C. Bar R. XI, § 8. Upon completion of any *de novo* proceedings by Bar Counsel or the Board, the court will then be in a better position to address at one time the Board's reciprocal discipline recommendation and any other recommendations that the Board may have.

■ We also direct the Board on remand to provide further explication for its conclusion that possession of cocaine is not a crime involving moral turpitude and thus, not a violation of DR 1–102(A)(3).[3] The decision in *In re Falls, supra,* relied on by the Board, is an order of this court that vacated a *temporary suspension* pending completion of reciprocal disciplinary proceedings. It is significant that the order does not clearly articulate the basis[4] for the panel's action setting aside the suspension based on a Florida conviction for cocaine possession. Similarly, the Board's reference to its decision in *In re Confidential, supra,* that possession of cocaine does not constitute a violation of DR 1–102(A)(3), does not provide the court with any analysis, guidance or rationale as to how that decision was reached. Under the circumstances, supplemental rationale from the Board will be helpful to the court when it ultimately addresses the issue of whether respondent should be disciplined or not.

Accordingly, we remand this case to the Board for further proceedings consistent

---

2. The rules of this court governing the District of Columbia Bar mandate the imposition of discipline identical to that imposed by another jurisdiction, unless the court finds, by clear and convincing evidence, one of the five factors listed in D.C. Bar R. XI, § 11(c):

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

\* \* \* \* \* \*

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

3. We have previously held that unlawful possession with the intent to distribute a controlled substance is a crime of moral turpitude. *In re Campbell,* 572 A.2d 1059 (D.C.1990). We have also held that a conviction for possession of narcotics involves "dishonesty or false statement." *Durant v. United States,* 292 A.2d 157, 161 (D.C.1972), *cert. denied,* 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973).

4. The absence of moral turpitude is but one of many reasons set forth in the motion to vacate the temporary suspension.

with this opinion.[5]

*It is so ordered.*

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

WILLIAM E. GARDNER,

Respondent.

Bar Dkt. No. 40–92

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal matter from Virginia involving a lawyer who appears to have had a substance abuse problem. This problem culminated in Respondent's being found guilty of possession of cocaine in the Circuit Court of Fairfax County, Virginia. According to the opinion of the Virginia State Bar Disciplinary Board, this crime is a felony under Virginia law. The guilty verdict was returned on May 23, 1989. On June 8, 1989 the Virginia Disciplinary Board suspended Respondent's license pending a hearing set for June 23. At Respondent's request this hearing was continued indefinitely.

The criminal case came on for sentencing on August 11, 1989. On that date, the court delayed imposition of any sentence for one year, pursuant to a first offender statute (Section 18.2–251 of the Code of Virginia, 1950, as amended). In that same order, the court prohibited Respondent from practicing law until further order of the court.

A year later, on August 10, 1990, the Virginia court dismissed the case under the provisions of § 18.2–251 and lifted its order prohibiting Respondent from practicing law. On September 28, 1990, the Virginia State Bar Disciplinary Board ruled that the Court's order dismissing the case, amounted to a "setting aside" within the rules of the Supreme Court of Virginia, and accordingly reinstated Respondent's license effective September 28, 1990.

The Virginia State Bar then instituted proceedings based on the underlying facts that had led to the conviction. Evidence before the Virginia State Bar Disciplinary Board showed that on September 22, 1988, Respondent was in possession of more than a "recreational" amount of cocaine. The minutes before the Virginia Board also disclosed that there was a prior disciplinary record consisting of a reprimand issued on September 28, 1989 and a private reprimand issued on June 13, 1989. The Virginia Board found that Respondent's use of drugs "affected his ability to practice law leading to the prior disciplinary record and ultimately to the criminal charges."

The Virginia Board went on to find that as a result of the criminal charges, Respondent had entered a drug rehabilitation program, which he had successfully completed. He then entered another 18–month program. Following that, he joined Alcoholics Anonymous and Narcotics Anonymous, and successfully completed their 180–day program. At the time of the Virginia Board's opinion, in September 1991, Respondent had continued to participate in both AA and NA programs, attending three meetings a week. He had undergone drug detection tests, which, without exception, indicated the absence of drug use. He had also sought and received psychiatric help from the Northern Virginia Psychiatric Group. He had obtained alternative employment, and his work habits were excellent.

The Virginia Board concluded that Respondent's possession of cocaine, which had led to his conviction, constituted a violation of the Virginia rule that provides that a lawyer shall not commit a crime or other deliberately wrongful act that reflects adversely on the lawyer's fitness to practice law. In considering what sanction was appropriate, the Virginia Board took into consideration the extent of the substance abuse, the absence of harm to clients, the period of time between the conduct charged and the time the decision was made by the Board, the punishment im-

---

5. On remand, Bar Counsel is not foreclosed from proceeding under D.C. Bar R. XI, § 6.

posed by the court, the rehabilitative efforts made by Respondent, the likelihood of reoccurrence, and the perception by the public. In the case at bar, the Board concluded that the appropriate sanction was a suspension retroactive to the time that the prior suspension was in effect, *i.e.,* from June 8, 1989 until September 28, 1990. Thus, as of the time of the Virginia Board's opinion in December, 1991, the criminal proceedings had ended with the judgment having been set aside, and the disciplinary proceedings had ended with a retroactive suspension. Respondent was, therefore, free to practice law in Virginia.

At some time later, the District of Columbia Court of Appeals received notice that Respondent, who is also a member of the District of Columbia Bar, had been suspended by Virginia. The Court of Appeals suspended Respondent pursuant to Rule XI, § 11(d), which governs temporary suspensions in reciprocal cases. It ordered Respondent to show cause why identical discipline should not be imposed and directed that the Board recommend whether reciprocal discipline was appropriate. This order was entered on March 12, 1992. Respondent wrote a letter expressing no objection to identical discipline, but he argued, in light of the retroactive effect of the Virginia discipline and of the fact that he had not practiced law in the District of Columbia during the time that he had been suspended in Virginia, that an additional suspension was not warranted. By order dated April 8, 1992, the District of Columbia Court of Appeals directed the Board to submit its recommendation as to whether the temporary suspension should be lifted.

Before the Board, Bar Counsel has taken the position that Respondent's conduct in Virginia would not rise to the level of a

disciplinary violation in this jurisdiction. The Virginia disciplinary rules provide that illegal conduct that adversely reflects on a Respondent's fitness to practice law is grounds for discipline. The applicable parallel rule in the District of Columbia at the time that Respondent committed the disciplinary violation in Virginia was DR 1-102(A)(3) which provides that a lawyer shall not "engage in illegal conduct *involving moral turpitude* that adversely reflects on his fitness to practice law." (Emphasis added) Respondent's and Bar Counsel's position, in reliance on *In re Falls,* No. 86-1359 (D.C. May 12, 1987), and *In re Confidential,* Dkt. No. 209–86, is that possession of an illegal drug, such as cocaine, does not constitute a violation of DR 1-102(A)(3).[1] Though there are no court decisions indicating that simple possession of narcotics constitutes a crime of moral turpitude, the court in *Durant v. United States* found that a conviction for possession of narcotics involves "dishonesty or false statement." 292 A.2d 157, 161 (D.C.1972) *cert. denied,* 409 U.S. 1127 [93 S.Ct. 946, 35 L.Ed.2d 259] (1973). However, consistent with our prior decisions, we find that simple possession of cocaine does not constitute conduct involving moral turpitude, and, therefore, there was no violation of DR 1-102(A)(3).

Although we agree with Respondent and Bar Counsel, the Board is troubled by this result. In some ways this seems to be a case that falls between the cracks. In 1989, Respondent was found guilty in Virginia of a felony. In the District of Columbia, all felonies are "serious crimes." Rule XI, § 10(b)(1). When a member of the District of Columbia Bar is "found guilty" of a serious crime, our rules provide that the

---

**1.** Bar Counsel's statement actually cites the parallel Rule of Professional Conduct, Rule 8.4(b). That rule provides that it is misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. . . ." Rule 8.4(b) was not in effect at the time that Respondent committed the conduct that gave rise to the Virginia disciplinary proceedings. That misconduct occurred in 1988. The difference in the wording of Rule 8.4(b) and DR 1-102(A)(3) may be significant. While

it may be true that possession of cocaine does not constitute conduct involving moral turpitude, which seems to be an essential element of the former disciplinary rule, it does not necessarily follow that possession of cocaine does not reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. *See Durant v. United States,* 292 A.2d 157 (D.C.1972), *cert. denied,* 409 U.S. 1127 [93 S.Ct. 946, 35 L.Ed.2d 259] (1973). But we do not believe that the Rules of Professional Conduct are the governing law in this case since they did not go into effect until January 1, 1991.

"Court shall enter an order immediately suspending the attorney. . . ." In addition, our rules provide that if an attorney is "found guilty of a crime" he is to file with the Court and the Board within ten days from such finding a certified copy of the court record or docket entry of the finding. Rule XI § 10(a).

We note that the rules provide that this notification and suspension are to occur when an attorney is "found guilty" as opposed to when an attorney is "convicted." There is a distinction between being found guilty and being convicted. A defendant is found guilty when the verdict is returned, but he/she is not convicted until the sentence is imposed. *See, e.g., Franklin v. United States,* 555 A.2d 1010, 1012 (D.C.App.1989) (guilty verdict is not a "conviction" that may be used to impeach a witness; need judgment of conviction premised on a sentence); *Langley v. United States,* 515 A.2d 729, 734 (D.C.App.1986) (final judgment of conviction means sentence); *see also Godfrey v. United States,* 454 A.2d 293, 305 (D.C.App.1982) (need judgment of conviction *and* sentence to constitute "conviction"; plea of guilty insufficient). Therefore, we assume that even though the Virginia court did not impose a sentence on Respondent, but deferred sentence for a year, and then dismissed the case under a first offender program, he nevertheless had the duty to report his having been found guilty to the District of Columbia. We further assume that had he made such a report, the Court of Appeals would have suspended him as mandated by its rule. This did not occur, however, because Respondent did not live up to his responsibility of informing the court of the finding of guilt in Virginia.

The present posture of the case is that of a reciprocal discipline case, pursuant to Rule XI, § 11. We are required to impose reciprocal discipline unless the Respondent demonstrates, by clear and convincing evidence, that one of the five exceptions, delineated under subsection (c) of that rule, exists. Here both Bar Counsel and Respondent agree that one of the exceptions does exist, *i.e.,* "the misconduct elsewhere does not constitute misconduct in the District of Columbia." Therefore, we have before us a Respondent who should have been suspended, pursuant to Rule XI, § 10(b)(1) but for his own failure to live up to his obligations under that Rule, but who cannot be disciplined under Rule XI, § 11, because the misconduct in Virginia does not constitute misconduct in the District of Columbia under our precedents.[2] Moreover, as noted above, it may well be that had this conduct occurred after January 1, 1991, when the new Rules of Professional Conduct were in effect, the result have been different.

A final troubling aspect of this case is that the Virginia State Bar made findings which suggest that Respondent's use of cocaine was more than "recreational" and that it affected his professional performance and caused two other disciplinary violations in Virginia. While this is far from a finding that in 1988 Respondent was disabled from the practice of law because of an addiction to cocaine, it is certainly disturbing. In this jurisdiction, a lawyer who commits misconduct which was substantially affected by alcoholism or addiction to legal drugs, lawfully obtained, would be disciplined unless the lawyer could show by clear and convincing evidence that he/she was substantially rehabilitated from his addiction. *In re Kersey,* 520 A.2d 321 (D.C.1987); *In re Temple,* 596 A.2d 585 (D.C.1991).[3] If he/she could

---

**2.** Perhaps the failure to self report might be judged to constitute an independent disciplinary violation, such as engaging in conduct that is prejudicial to the administration of justice, DR1–102(A)(5). If that were so, however, the results in this case would be ironic. If we are correct that the conduct that resulted in discipline in Virginia would not warrant discipline here, Respondent's compliance with Rule XI, § 10(a) would have resulted in a temporary

suspension even though no discipline was appropriate.

**3.** The Court of Appeals has not decided if the benefits of *Temple* and *Kersey* apply to an individual who is addicted to an illegal substance or who obtains drugs illegally, as Respondent apparently did. Thus, it is not clear that if Respondent could show addiction, causation, and rehabilitation, he would be eligible for *Kersey*-type probation.

make a showing of rehabilitation, he/she might be placed on probation for a lengthy period with monitoring to detect relapses. By contrast, Respondent will be practicing under no such supervision.[4]

Accordingly, in response to the Court's order of April 8, 1992, the Board recommends that the relief sought by Respondent should be granted and that the suspension imposed pursuant to Rule XI, § 11(d) should be set aside. The Board further finds, by clear and convincing evidence, that the misconduct in Virginia did not constitute a disciplinary violation in the District of Columbia, and, therefore, recommends to the Court that no reciprocal discipline be imposed. The Board further recommends that this matter be referred to Bar Counsel for appropriate action, pursuant to Rule XI, § 11(g)(3).

**THE BOARD ON PROFESSIONAL RESPONSIBILITY**

by: /s/ Hamilton P. Fox, III
Hamilton P. Fox, III

Dated: July 13, 1992

All members of the Board concur in this report except Mr. Carter who did not participate.

---

4. There are available to Bar Counsel the provisions of Rule XI, § 13 concerning incompetent and incapacitated attorneys, but we see no evidence in this record to suggest that Respondent fits those definitions.