[628 NYS2d 381]

In the Matter of DAVID S. SABGHIR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 19, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this Court on November 26, 1980.

The petition contains 10 charges of professional misconduct against the respondent. The Special Referee sustained all 10 charges. The petitioner moves to confirm the report of the Special Referee while the respondent cross-moves to disaffirm to the extent of Charges One through Five.

All 10 charges of the petition are predicated on a common set of facts.

On or about May 16, 1985, Eric (Yehouda) Benchemoun delivered $10,000 to the respondent for the purpose of investing in Nutribevco, a company which was marketing a diet product. The respondent, who had a financial relationship with Nutribevco and its principals, was seeking investors for the company.

On or about June 27, 1985, a stock certificate representing 28,000 shares of Nutribevco was issued. The certificate bore the endorsement of "David Sabghir and Yehyda Ben Chem Houn JTWROS *[sic]*". The certificate remained under the respondent's dominion and control until about September 24, 1985, at which time it was delivered to the brokerage house of Bear Stearns and Company. Along with that certificate, an executed bond power, bearing the respondent's signature and the purported signature of "Yehuda Benchemoun *[sic]*", was delivered to Bear Stearns and Company.

Mr. Benchemoun never signed the bond power and was unaware that the stock certificate was being negotiated by the respondent. As a result of that transaction, a $14,000 credit was applied to account number 459-00361 in the names of "David Sabghir and Yehyda Den Chem Houn JTWROS *[sic]*" at the brokerage house of Rooney Pace, Inc. On or about October 2, 1985, a $14,000 debit was charged to Rooney Pace account number 459-00361 entitled "David Sabghir and Yehyda Den Chem Houn JTWROS *[sic]*". On or about October 2, 1985, the respondent's own account at Providence Securities received a $14,000 credit. That credit was used to purchase Nutribevco securities in the respondent's name alone.

In or about December 1986, Esagh Moradi retained the respondent to review a commercial lease. The respondent advised Mr. Moradi against that transaction and instead suggested that Mr. Moradi invest in Nutribevco.

The respondent failed to disclose to either Mr. Benchemoun or Mr. Moradi his relationship with Nutribevco and its principals.

The respondent maintained an attorney escrow account at the Bank of Commerce which he used for personal and business purposes. The respondent deposited in that account funds entrusted to him incident to his practice of law. Between approximately August and September 1985, while the respondent was holding escrow funds entrusted to him as a fiduciary, that account was overdrawn on at least nine occasions.

The respondent failed to maintain and produce for inspection by the Grievance Committee those records of his attorney escrow account which he was required to maintain and produce.

Charge One alleged that the respondent engaged in conduct involving fraud, dishonesty, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by virtue of the aforesaid conduct vis-à-vis Mr. Benchemoun and Mr. Moradi.

Charge Two alleged that the respondent engaged in conduct which adversely reflected upon his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]), by virtue of the aforesaid conduct vis-à-vis Mr. Benchemoun and Mr. Moradi.

Charge Three alleged that the respondent violated DR 5-101 (22 NYCRR 1200.20) by virtue of his conduct vis-à-vis Mr. Benchemoun and Mr. Moradi.

Charge Four alleged that the respondent violated DR 5-104 (A) (22 NYCRR 1200.23 [a]) by virtue of his conduct vis-à-vis Mr. Benchemoun and Mr. Moradi.

Charge Five alleged that the respondent violated DR 9-102 (22 NYCRR 1200.46) by virtue of his conduct vis-à-vis Mr. Benchemoun and Mr. Moradi.

Charges Six through Ten are predicated upon the respondent's misuse of his attorney escrow account at the Bank of Commerce and his failure to produce records thereof for inspection by the Grievance Committee.

Charge Six alleged that the respondent violated DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Seven alleged that the respondent violated DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charge Eight alleged that the respondent violated DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Nine alleged that the respondent violated DR 9-102 (D) (22 NYCRR 1200.46 [d]).

Charge Ten alleged that the respondent violated DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Upon review of the evidence adduced, we conclude that the Special Referee properly sustained all 10 charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm, in part, is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the numerous character letters submitted by the respondent as well as his previously unblemished record. Nevertheless, the fraudulent investment scheme in which the respondent participated, the unauthorized transfer of jointly owned stock proceeds into his private account, and the gross mishandling of his escrow account constitute serious professional misconduct warranting his disbarment.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David S. Sabghir, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Sabghir is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.