**In re Erroll D. BROWN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–775.**

District of Columbia Court of Appeals.

Submitted March 12, 1998.

Decided April 9, 1998.

Before WAGNER, Chief Judge, and TERRY, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding, the Board on Professional Responsibility (Board) has found that respondent, Erroll D. Brown, violated Rule 8.4(d) of the District of Columbia Rules of Professional Conduct (prohibiting conduct which seriously interferes with the administration of justice) and D.C. Bar R.

XI, § 2(b)(3) (failure to comply with orders of the Board). These charges arose as a result of respondent's tendering a check to the Superior Court of the District of Columbia as a filing fee for a client's complaint, which was returned for insufficient funds. In spite of numerous demands by court personnel, respondent failed to pay the sum due the court for his client's litigation expenses. Thereafter, respondent failed to respond to Bar Counsel's inquiries for some eight months, evaded service of the Board's order, and failed to respond for three months to an order of the Board requiring a response within ten days. A hearing committee of the Board agreed with Bar Counsel's recommendation for a sanction of a thirty-day suspension, with reinstatement conditioned upon respondent's reimbursing the court the sum of $135 and providing an explanation concerning a cancelled check endorsed by respondent which he claims he tendered to Superior Court as reimbursement for the dishonored check. Respondent did not take exception to the findings and recommendation of the hearing committee and Bar Counsel.

█ In a second matter involving reciprocal discipline, the Board found that respondent was suspended indefinitely from the Court of Appeals of Maryland with the right to apply for reinstatement after thirty days with the requirements that he satisfy Maryland's Bar Counsel that he had engaged, at his own expense, a practice monitor, paid costs, and notified clients and counsel for adverse parties of the suspension. In the Maryland proceeding, the Maryland Court of Appeals found that respondent had violated Maryland Rules of Professional Conduct 1.3 (requiring reasonable diligence and promptness in representing a client), 1.4 (requiring keeping a client reasonably informed), 1.16 (governing termination of representation), 3.2 (requiring reasonable efforts to expedite liti-

gation), 8.4 (conduct prejudicial to the administration of justice), 8.1 (failure to respond to lawful demands of the disciplinary authority), and 5.5 (practicing while suspended for late payment of Clients' Security Trust Fund assessment). Identical discipline is imposed in reciprocal discipline cases unless the attorney demonstrates by clear and convincing evidence that specified exceptions apply. D.C.App. R. XI, § 11(c); *In re Gardner*, 650 A.2d 693, 697 (D.C.1994). The Board concluded that discipline imposed in Maryland is the equivalent of a thirty-day suspension with a fitness requirement in the District of Columbia. *See In re Dietz*, 675 A.2d 33, 34 (D.C.1996). Respondent has not taken exception to the imposition of reciprocal discipline.[1] Respondent was reinstated in Maryland on August 9, 1997.[2]

█ Considering the two cases together,[3] the Board recommends the imposition of a thirty-day suspension, with a showing of fitness before a hearing committee of the Board before reinstatement, which should run from the filing of the affidavit required by D.C. Bar Rule XI, § 14. Neither Bar Counsel nor respondent objects. Therefore, it is

ORDERED that respondent, Erroll D. Brown, shall be suspended from the practice of law for thirty days, with the suspension commencing from the filing of the affidavit required by Rule XI, § 14, with the requirement that he prove fitness before reinstatement.

*So ordered.*

---

1. Respondent filed a statement with the Board addressing only whether he had filed the requisite affidavit to commence the running of the suspension.

2. Respondent was suspended temporarily from the District of Columbia Bar pending final disposition of this reciprocal discipline proceeding,

and he petitioned for reinstatement from the temporary suspension; however, the Board reports that he did not file the affidavit required by § 14 of Rule XI.

3. *See In re Thompson*, 492 A.2d 866, 867 (D.C. 1985).