**In re David S. SABGHIR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 98–BG–1295.

District of Columbia Court of Appeals.

Submitted March 15, 2000.
Decided June 15, 2000.

Before TERRY, Associate Judge, and MACK and FERREN, Senior Judges.

PER CURIAM:

This is a reciprocal discipline case. Respondent, David Sabghir, was disbarred in the State of New York because of his involvement in a fraudulent investment scheme. *In re Sabghir*, 211 A.D.2d 337, 628 N.Y.S.2d 381 (1995). Thereafter the Maryland Court of Appeals also disbarred him in a reciprocal proceeding based on the New York discipline. *Attorney Grievance Commission v. Sabghir*, 350 Md. 67, 710 A.2d 926 (1998). The matter comes before this court on the recommendation of our Board on Professional Responsibility that Mr. Sabghir be disbarred in the District of Columbia. We accept the recommendation and order his disbarment.[1]

The underlying facts are set forth in the New York and Maryland opinions and need not be repeated here. Mr. Sabghir has filed no exception to the Board's recommendation—indeed, he has filed nothing at all with either the Board or this court—and the Office of Bar Counsel has advised us by letter that it does not object to the proposed discipline.

In reciprocal cases, this court has consistently recognized "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992) (citation omitted); *accord, e.g., In re Gardner*, 650 A.2d 693, 695 (D.C.1994). The applicable rule, D.C. Bar Rule XI, § 11(c), provides that reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that any of five listed exceptions warrants a different sanction. Mr. Sabghir has made no attempt to rebut the presumption or to show that any of the five exceptions applies in his case. He has thus effectively conceded that reciprocal discipline is warranted. *See, e.g., In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995).

It is therefore ORDERED that respondent, David S. Sabghir, is hereby disbarred from the practice of law in the District of Columbia, effective immediately. Since he has not yet filed the affidavit required by D.C. Bar Rule XI, § 14 (g), his eligibility for reinstatement shall be calculated from the date on which he does so. *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994).

---

1. On August 27, 1998, after Bar Counsel had advised this court of the Maryland disbarment, we entered an order temporarily suspending respondent in accordance with D.C. Bar Rule XI, § 11(d), pending the final resolution of this reciprocal proceeding.