**In re Erroll D. BROWN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–479.**

District of Columbia Court of Appeals.

Submitted Dec. 5, 2000.
Decided Feb. 1, 2001.

than in the context of an attorney-client relationship. *See In re Confidential,* 664 A.2d 364, 367–68 (D.C.1995).

Before SCHWELB and FARRELL, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

This attorney discipline case encompasses two matters involving District of Columbia Bar member Erroll D. Brown.[1] Neither Mr. Brown nor Bar Counsel has filed an exception to the report and recommendation of the District of Columbia Board of Professional Responsibility ("Board").

### I.

In the first matter, Mr. Brown has petitioned for reinstatement to the District of Columbia Bar subsequent to a thirty-day suspension with a requirement that he show fitness prior to reinstatement. *See In re Brown*, 709 A.2d 724, 725 (D.C.1998). This court disciplined Mr. Brown at the urging of the Board. The Board's recommendation came in response to a bad check made out by Mr. Brown to the Superior Court, his subsequent failure to respond to demands by court personnel to make good on the check, and his delinquency for many months before answering

---

1. Contrary to our normal practice, we refer to Mr. Brown by name throughout this opinion because in the first matter, Mr. Brown is the petitioner, and in the second matter, Mr. Brown is the respondent.

Bar Counsel inquiries and orders of the Board, *see In re Brown, supra,* 709 A.2d at 725, as well as for reciprocal discipline based on Mr. Brown's violation of several Maryland Rules of Professional Conduct. *See id.*

The Board recommends that Mr. Brown's petition for reinstatement be denied on the grounds that he has failed to satisfy any of the factors governing reinstatement, as set forth in *In re Roundtree.*[2] More specifically, the Board recommends denial on the basis of findings by Hearing Committee Number Six that Mr. Brown failed to produce requisite documents, has a history of non-compliance with orders to produce documents, and neglected to implement safeguards listed in his petition.

"Although the ultimate decision on whether an attorney is reinstated is ours alone, the Board's findings or recommendations in this regard are entitled to great weight." *In re Borders,* 665 A.2d 1381, 1382 (D.C.1995) (citations omitted); *see also In re Stanton,* 757 A.2d 87, 91 (D.C. 2000); *In re Fogel,* 679 A.2d 1052, 1054 (D.C.1996).

Because we find substantial support in the record for the Board's findings and recommendation, and in the absence of any exception by Mr. Brown, we accept the Board's recommendation based on Mr. Brown's failure to comply fully with the requirements for reinstatement. Pursuant to D.C. Bar R. XI, § 16(f), we hereby deny Mr. Brown's petition for reinstatement. Mr. Brown may re-petition for reinstatement upon a sufficient showing of fitness at the conclusion of the additional nine months suspension discussed in Section II below.

## II.

The second matter before this court is a new reciprocal discipline order from Maryland, which imposed on Mr. Brown an indefinite suspension with the right to apply for reinstatement in one year. Mr. Brown's discipline in this new Maryland case was based on several complaints of misconduct in that state, *see Attorney Grievance Comm'n of Md. v. Brown,* 353 Md. 271, 725 A.2d 1069 (1999), as well as reciprocal discipline for Mr. Brown's bad check to the District of Columbia Superior Court discussed in Section I above. The new Maryland misconduct included failure to respond to two separate Maryland Bar Counsel's requests for information, failure to notify the client or note an appeal when a case was dismissed by a trial court, failure to respond or appear at a hearing in another case, resulting in dismissal of that action, misrepresentation to a Maryland judge regarding a conflict of interest with a client, and failure to appear at a hearing on attorney's fees.[3]

Ordinarily, identical discipline will be imposed in reciprocal discipline cases absent a showing by clear and convincing evidence that a specified exception applies. *See* D.C. Bar R. XI, § 11(c); *In re Gardner,* 650 A.2d 693, 697 (D.C.1994). The principal inquiry is whether the sanction imposed in the other jurisdiction is within the range of what would have been imposed here if the misconduct had occurred here. If so, there is a rebuttable presumption that we will impose the same discipline here. *In re*

---

2. In *In re Roundtree,* this court listed five specific factors for consideration in deciding whether an attorney should be reinstated:
   (1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; (4)

the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.
*In re Roundtree,* 503 A.2d 1215, 1217 (D.C. 1985).

3. These are acts which also form the basis for misconduct under the professional responsibility rules of the District of Columbia.

*Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Where a respondent has failed to [ ] contest the proceedings in this jurisdiction, he has waived his right to seek to rebut the presumption. *In re Berger,* 737 A.2d 1033, 1044–45 (D.C.1999); *In re Spann,* 711 A.2d 1262,1263–64 (D.C. 1998); *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995).

*In re Sumner,* 762 A.2d 528, 529 (D.C. 2000).

Given the absence of exception by Mr. Brown, under ordinary conditions we would be justified in imposing discipline equivalent to that of Maryland. However, the Board has recognized that identical discipline would be excessive in this case given that the suspension in Maryland was based in part on reciprocal discipline from the District of Columbia, conduct that has already formed a basis for discipline here, namely the bad check. Therefore, the Board recommends that Mr. Brown be suspended for nine months with the requirement that he demonstrate his fitness to resume practice of law, pursuant to D.C. Bar R. XI, § 16(d), carrying over from the earlier discipline discussed above. See, *supra,* Part I. We accept the Board's recommendation. We also accept the recommendation of the Board and Bar Counsel to establish April 19, 1999 as the effective date of this new discipline, relying on Mr. Brown's § 14 affidavit already on file for the prior disciplinary matter.

### III.

Therefore, in consideration of both matters before us, we deny Mr. Brown's application for reinstatement and suspend him for nine months, effective April 19, 1999, with reinstatement subject to a showing of fitness to resume practice.

*So ordered.*