In re Rena V. ATKINSON, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 00–BG–312.

District of Columbia Court of Appeals.

Submitted Nov. 1, 2001.

Decided Nov. 15, 2001.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

PER CURIAM:

In this reciprocal discipline case originating in Maryland, the Board on Professional Responsibility has recommended that Rena V. Atkinson, a member of our Bar, be suspended from the practice of law for one year with the requirement that she demonstrate fitness to practice law prior to reinstatement.[1] The Board has also recommended that the fitness requirement be vacated in the event that Ms. Atkinson is summarily reinstated in Maryland.

The relevant facts are set forth in the opinion of the Maryland Court of Appeals, see note 1, *supra,* and synopsized in the Board's Report and Recommendation, which is attached hereto and made a part hereof. Neither Bar Counsel nor Ms. Atkinson has excepted to the Board's recommendation, and our review is therefore highly deferential. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, and substantially for the reasons stated by the Board, Rena V. Atkinson is hereby suspended from practice for a period of one year, and shall be required

---

1. The basis for Ms. Atkinson's suspension in Maryland, *see Attorney Grievance Comm'n v. Atkinson,* 357 Md. 646, 745 A.2d 1086, 1087–88 (2000), and for the proposed discipline here, was Ms. Atkinson's failure, *inter alia,* to prepare or file federal or state income tax returns or to pay federal or state income taxes for the years 1988 through 1996. Ms. Atkinson had prepared returns for 1986 and 1987, but had apparently failed to mail them. *Id.* at 1087 n. 1.

to demonstrate fitness to practice law as a condition of reinstatement. In the event that Ms. Atkinson is summarily reinstated to the practice of law in Maryland, she may apply for a *vacatur* of the fitness requirement.

*So ordered.*[2]

## ATTACHMENT

### DISTRICT OF COLUMBIA COURT OF APPEALS

### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of Rena v. Atkinson, Respondent.

Bar Docket No. 86–00.

### REPORT AND RECOMMENDATION OF

### *THE BOARD ON PROFESSIONAL RESPONSIBILITY*

This is a reciprocal matter based on a decision of the Maryland Court of Appeals ordering that Respondent be indefinitely suspended from the practice of law, with the right to apply for readmission to practice after one year. Bar Counsel argues, and we agree, that Respondent should receive reciprocal discipline from the District of Columbia Court of Appeals.

### I.

Respondent is a member of the District of Columbia Bar, having been admitted on September 19, 1986. She is also a member of the Bar of the Court of Appeals of Maryland. The Attorney Grievance Commission of Maryland filed a complaint against Respondent, alleging (based on information provided to it by the Internal Revenue Service) that Respondent had failed to pay federal or state income taxes from the years 1988 through 1996 and had additionally failed to file federal or state tax returns for 1986 and 1987. The trial court to which the matter was referred found that Respondent had willfully, knowingly, and purposely failed to pay her taxes and file the returns, and that her conduct was dishonest. The Maryland Court of Appeals affirmed those determinations on appeal, and concluded based on those determinations that Respondent had violated Maryland Rules of Professional Conduct 8.4(b) (criminal conduct that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a la[w]yer), 8.4(c) (conduct involving dishonesty) and 8.4(d) (conduct prejudicial to the administration of justice). The Maryland Court of Appeals ordered that Respondent be indefinitely suspended from the practice of law with the right to apply to readmission to practice after one year. The Court concluded that suspension was in order because (a) Respondent had failed to pay her taxes despite the fact that she earned a comfortable income, as much as $61,000 in one year; (b) she had not made good on her obligations to pay her taxes and still owed the IRS money; (c) her practice was in estate and probate matters, areas heavily weighted towards taxes; and (d) she was aware of her obligation to pay taxes but ignored it.[3]

---

2. Like the Board, we call Ms. Atkinson's attention to her responsibilities pursuant to D.C. Bar R. XI, § 14(g), and to the effect of continued noncompliance on her eligibility for reinstatement as set forth in § 16(c).

3. The Maryland Court of Appeals found Maryland's Bar Counsel's recommendation of a suspension with the right to reapply after three years to be excessive, in light of the fact that Respondent had no prior discipline and was not charged in a criminal prosecution based on her defalcation. On the other hand, three judges maintained in dissent that Respondent's conduct did not violate Rule 8.4(b) or 8.4(c), and would have imposed a sanction

On April 6, 2000, the District of Columbia Court of Appeals, acting pursuant to D.C.App. R. XI, § 11(d), and its customary practice involving D.C. Bar members who have been suspended from the practice of law elsewhere, entered an order suspending Respondent from the practice of law in the District of Columbia pending the final disposition of this proceeding, in which a determination is to be made whether reciprocal discipline should be imposed on Respondent in the District of Columbia. Respondent was informed by the Court of Appeals and by the Board on Professional Responsibility of her separate obligations to file two affidavits; first, the affidavit required by *In re Goldberg*, 460 A.2d 60 (D.C.1994), stating whether she had practiced law in the District of Columbia since the date of the Maryland Court of Appeals' order and whether she intended to continue to do so; and second, the affidavit required by D.C.App. R. XI, § 14(g), required of all attorneys suspended from the practice of law or disbarred by the D.C. Court of Appeals (including those, like Respondent, suspended pending further proceedings based on reciprocal discipline), demonstrating, among other things, that the Respondent has fully complied with the provisions of the suspension order.

In response, on April 10, 2000, Respondent filed with the Board an affidavit indicating that she had practiced law in the District of Columbia since her Maryland suspension order and that she intended to continue to practice here, "but only in an effort to service [her] clients by completing as many matters as possible in the event of any reciprocal discipline by" the D.C. Court of Appeals. While that affidavit may have complied with *Goldberg*, it did not satisfy D.C.App. R. XI, § 14(g), given that Respondent has been suspended from the practice of law in the District of Co-

lumbia. Bar Counsel drew to Respondent's attention the fact that she is presently suspended from practicing law in the District of Columbia, but thus far she has not filed the Rule XI, § 14(g) affidavit.

## II.

Reciprocal discipline should presumptively be imposed on Respondent by this jurisdiction unless Respondent demonstrates, by clear and convincing evidence, that one of the exceptions in D.C.App. R. XI, § 11(c) applies—*e.g.*, that she failed to receive due process, that her misconduct did not violate the ethical rules of the District of Columbia, or that the order finding her in violation of the Florida rules was lacking in proof. *See In re Gardner*, 650 A.2d 693 (D.C.1994). No such exception is applicable here. Respondent received due process; we find no infirmity of proof; and it is undisputed that Respondent's willful failure to file tax returns and to make tax payments constituted misconduct in violation of the District of Columbia Rules of Professional Conduct. Thus there is a strong presumption that the discipline imposed by the original court should be imposed here as well on a reciprocal basis, especially since Respondent does not challenge a reciprocal sanction. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992).

Our Court of Appeals has dealt on several occasions with similar sanctions issuing from the Maryland courts. The procedure for reinstatement of suspended attorneys in Maryland is of some significance here. Maryland Rule 16–713 provides that a suspended attorney may be readmitted to practice if the attorney files with Maryland Bar Counsel a verified statement that she has complied with the term of suspension, and Mary-

of an indefinite suspension with the right to apply to readmission to practice after 60 days.

land Bar Counsel notifies the Clerk of the Maryland Court of Appeals that the statement has been filed and that Bar Counsel is satisfied with the respondent's compliance with the suspension order. If Bar Counsel raises no objection to the respondent's compliance, then reinstatement to the practice of law may be summary. On the other hand, if Maryland Bar Counsel does object to the respondent's compliance, then the suspended attorney has the opportunity to prove her fitness to resume the practice of law at a plenary hearing, similar to the hearing contemplated in *In re Roundtree*, 503 A.2d 1215 (D.C.1985).

Reviewing the Maryland procedures, our Court of Appeals has explained that, when the Maryland court imposes an indefinite suspension with the right to reapply after a fixed period, the reciprocal sanction that should be imposed in the District (absent a reason to depart) is a suspension from the practice of law for that same fixed period, but with a requirement that the suspended attorney show fitness before being allowed to resume the practice of law in the District. *See In re Berger*, 727 [737] A.2d 1033, 1044–1045 (D.C.1999). The Court of Appeals has also stated, however, that, if an attorney suspended in another jurisdiction is reinstated to the practice of law pursuant to that jurisdiction's summary procedures (like those in Maryland), without a full hearing like that contemplated in *Roundtree*, the requirement of a fitness showing imposed here in the reciprocal discipline matter may then be vacated. *Id.* at 1045–1046. *See also* Board Rule 8.7. That is the proper approach in this case.

Accordingly, we recommend that Respondent be suspended from the practice of law for one year, with the requirement that she demonstrate fitness to practice law prior to reinstatement, subject to the possibility of vacatur of the fitness require-ment if she is summarily reinstated in Maryland. We remind Respondent that, pursuant to the D.C. Court of Appeals' order of April 6, 2000, she is currently suspended from the practice of law in the District of Columbia, and that she is under an obligation to file the affidavit required by D.C.App. R. XI, § 14(g), demonstrating with particularity her compliance with that suspension order.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: s/Paul R.Q. Wolfson

Dated: May 10, 2001

All members of the Board concur in this Report, except Ms. Taylor, who did not participate.