**In the Matter of Dudley R. WILLIAMS, A Member of the Bar of the District of Columbia Court of Appeals, Respondent.**

**No. M–111–82.**

District of Columbia Court of Appeals.

Argued Oct. 7, 1982.

Decided July 14, 1983.

David N. Webster, Washington, D.C., with whom Earl C. Dudley, Jr., Joan H. Strand, and James W. Cobb, Washington, D.C., were on the briefs, for respondent.

David Carr, Asst. Bar Counsel, Washington, D.C., with whom Fred Grabowsky, Bar Counsel, Washington, D.C., was on the brief, for the Board on Professional Responsibility.

Before MACK and TERRY, Associate Judges, and REVERCOMB,* Associate Judge, Superior Court of the District of Columbia.

PER CURIAM:

This disciplinary matter is before the court on exceptions filed by respondent to a recommendation of the Board on Professional Responsibility (the "Board") that respondent be disbarred. The Board, in making its recommendation, adopted in total the Hearing Committee's Report and Recommendation. Respondent herein challenges the actions of the Board and Hearing Committee on several procedural grounds, each of which, he claims, justifies dismissal of the petitions against him or mandates a remand for a de novo hearing. In his claims on appeal, appellant alleges it was error for the Hearing Committee and the Board to:

(a) proceed upon unverified petitions based on unsworn complaints in violation of D.C.Code §§ 11–2503(b) and 14–101(a) (1981);

(b) fail to personally serve respondent with written charges in violation of § 11–2503(b);

(c) proceed without a hearing to substantiate the allegations against respondent even though the allegations were deemed admitted when unanswered, pursuant to D.C.App.R. XI, § 7(2) of the Rules Governing the Bar;

(d) submit unsworn Bar Counsel exhibits to the Hearing Committee as part of the record rather than solely the petitions and charges;

(e) fail to keep a recording or transcript of oral argument before the Board; and

(f) consolidate for simultaneous consideration five unrelated complaints.

Finally, respondent claims that the sanction imposed, disbarment, is inconsistent with the allegations and is not supported or dictated by the evidence. Concluding that respondent was not afforded adequate due process protections in the proceedings herein, we refuse to impose the recommended sanction of disbarment and remand this proceeding to the Board on Professional Responsibility for a new hearing consistent with this opinion.

I

Formal proceedings against respondent were instituted by Bar Counsel in three Petitions Instituting Formal Disciplinary Proceedings, filed on three separate dates, which involved five individual complaints.[1] Respondent failed to respond to all three of these petitions. On March 4, 1981, all of the petitions and charges against respondent, along with all of Bar Counsel's exhibits, were referred to Hearing Committee Number Four, which met informally. Pursuant to D.C.App.R. XI, § 7(2) of the Rules Governing the Bar, all charges were deemed admitted by respondent since he failed to answer them.[2] The charges were then adopted as facts by the Hearing Committee and, on June 19, 1981, the Committee recommended disbarment of respondent.

On July 8, 1981, respondent filed an opposition to the Hearing Committee Report and Recommendation, requested leave to file answers to the charges and requested a remand to the Hearing Committee for a hearing on the merits, claiming he did not receive notice of the proceedings. Oral ar-

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1981).

1. The first petition was filed June 29, 1979 and involved three separate charges in Bar Docket Numbers 206–78, 307–78 and 383–78. The second petition was filed on May 2, 1980 in Bar Docket Number 232–79. The third petition was filed on August 1, 1980 in Bar Docket Number 399–79.

2. There is evidence in the record of Bar Counsel's numerous attempts to notify respondent of the charges and proceedings against him. See Bar Counsel's Response to Opposition to Hearing Committee Report and Request to File Answers and for Remand, R. Tab 7 at 1–4.

gument was heard by the Board [3] and on January 25, 1982, the Board issued its report recommending respondent's disbarment.[4]

## II

Respondent claims that the petitions against him were defective in that they failed to meet the requirement in D.C. Code § 11–2503(b) (1981) [5] that they be under oath. Neither the complaints nor the specifications of charges were sworn.[6] Therefore, respondent contends that the petitions must all be dismissed because they were never properly before the Hearing Committee and the Board. However, respondent did not raise this contention before the Board; he raises it here for the first time. Since the lack of verification of a petition is not a jurisdictional defect, respondent has waived any defect by failing to object timely. *See In re McGean*, No. M–43–80 (D.C. April 15, 1981) (per curiam Order); *Graham v. District of Columbia*, 127 A.2d 150 (D.C.1956); *Perlich v. District of Columbia*, 90 A.2d 227 (D.C.1952); *United States v. Davis*, 18 App.D.C. 280 (1901).

Respondent next claims that the charges and recommendation must be vacated since he was not personally served with the charges against him pursuant to D.C.Code § 11–2503(b) (1981). *See note 5, supra.* Respondent argued the nonreceipt

of service before the Board. The Board concluded that, in light of the evidence supporting notice, respondent received ample notice of the proceedings and failed in his burden to show otherwise. Moreover, D.C. App.R. XI § 12, of the Rules Governing the Bar, authorizes service by registered or certified mail to respondent's address as listed in his Bar registration statement [7] or to respondent's last known address. This rule is consistent with that part of § 11–2503(b) which allows the court to authorize an alternative to personal service. *See* note 5, *supra.* The court has authorized such an alternative in Rule IX, § 12. Respondent was properly served under section 12 and the Board's finding that respondent received notice was supported by substantial record evidence. D.C.App.R. XI, § 7(3) (1981). Therefore, we reject respondent's challenge concerning notice and the mode of service employed.

## III

Respondent next claims that the Hearing Committee violated his due process rights by failing to hold a hearing on any of the charges against him. Under the facts of this case, we agree.

It is well settled that disciplinary proceedings are quasi-criminal in nature and that an attorney who is the subject of such proceedings is entitled to procedural

---

3. Neither a tape nor a transcript of this oral argument was preserved. Transcripts of these proceedings are rarely made and the tape recording was inadvertently erased prior to respondent's request for transcription.

4. Board members Campbell, King and Pollard dissented.

5. D.C.Code § 11–2503(b) (1981) states in part:
   [Unless convicted of a crime] a member of the bar may not be censured, suspended, or expelled under this chapter until written charges, under oath, against him have been presented to the court, stating distinctly the grounds of complaint. The court may order the charges to be filed in the office of the clerk of the court and shall fix a time for hearing thereon. Thereupon a *certified copy* of the charges and order shall be served upon

the member personally, or if it is established to the satisfaction of the court that personal service cannot be had, a certified copy of the charges and order shall be served upon him by mail, publication, or otherwise as the court directs.

6. Two petitions, 232–79 and 399–79, contained an oath by Assistant Bar Counsel that probable cause exists to refer the charges to a hearing committee. This does not fulfill the oath requirement of § 11–2503(b) since Bar Counsel has no personal knowledge of the facts upon which the charges are based and has sworn not to the truth or falsity of those facts but only to the existence of probable cause.

7. D.C.App.R. II § 2 of the Rules Governing the Bar requires each Bar member to keep the Bar informed of his current address, on penalty of suspension.

due process safeguards. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1225, 20 L.Ed.2d 117 (1968); *In re Thorup,* 432 A.2d 1221, 1225 (D.C.1981); *In re Burka,* 423 A.2d 181, 185 (D.C.1980) (en banc); *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc); *In re Wild,* 361 A.2d 182, 184 (D.C.1976). The procedural requirements which apply in attorney disciplinary proceedings are analogous to those of other "contested cases." *In re Thorup, supra,* 432 A.2d at 1225. The burden of proving the charges rests with Bar Counsel and factual findings must be supported by clear and convincing evidence. *Id.;* Internal Rules of Board on Professional Responsibility, Chapter 8, No. 5;[8] *In re Smith,* 403 A.2d 296, 302 (D.C.1979).

■ The Hearing Committee conducted no hearings on the charges herein. It received no sworn evidence either physical or testimonial. Relying solely upon Rule XI, § 7(2), it deemed the unsworn "Specification of Charges" as laid out in the Bar Counsel's unsworn petitions to be admitted facts and adopted them *pro forma* as its findings of fact. Finding multiple violations of the Disciplinary Code, the Hearing Committee then recommended the sanction of disbarment. Thus, resulting from respondent's failure to answer the charges against him, we have a finding of disciplinary violations and a recommendation of disbarment which is not based on any proof under oath. This result cannot withstand a due process attack.

■ The Hearing Committee, before concluding that disbarment is a proper sanction, should have proceeded with an *ex parte* hearing to establish by sworn evidence that the specification of charges was true. It is true that respondent, by failing to answer, would have by virtue of D.C. App.R. XI, § 7(2), admitted the allegations. This rule presupposes, however, that the admission is one giving weight to sworn evidence—evidence with respect to which

the Bar Counsel must carry the burden. As we have previously noted disciplinary proceedings are quasi-criminal in nature. Persons charged with crime in our courts cannot be convicted on default judgments unsupported by proof. Moreover, actual proof must support default judgments in some civil cases (such as divorce decrees or money damages where there is any uncertainty as to the amount of damage). This is the rationale employed by the Supreme Court in *Klapprott v. United States,* 335 U.S. 601, 611–12, 69 S.Ct. 384, 388–89, 93 L.Ed. 266, *modified,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949), in setting aside a judgment by default in a denaturalization proceeding.

Here we are persuaded, therefore, that since the hearing of evidence by the Committee was a legal prerequisite to its findings, its recommendation of disbarment cannot stand. *See Klapprott, supra,* 335 U.S. at 609, 69 S.Ct. at 387.

Moreover, since Bar Counsel has not yet met the burden of proving before the Hearing Committee the truth of the specifications, respondent has not waived his right to challenge the merits of these specifications. We, therefore, order this matter remanded to the Committee for a full hearing with all attendant safeguards.

*So ordered.*

---

8. Chapter 8, No. 5 states in pertinent part:
   Except as provided in Section 7(1) of Rule XI of the Rules Governing the Bar prescribing probable cause hearings, the standard of proof at all hearings is clear and convincing evidence. Bar Counsel shall have the burden of proof, except in reinstatement proceedings.