In the Matter of William S. BRADBURY, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 91–SP–210.

District of Columbia Court of Appeals.

Submitted March 4, 1992.
Decided May 29, 1992.

Before ROGERS, Chief Judge, and FARRELL and WAGNER, Associate Judges.

PER CURIAM:

In this reciprocal discipline case, the Board on Professional Responsibility recommends that reciprocal discipline be imposed although not in the precise form as

was imposed on respondent in Virginia. *See* D.C.Bar Rule XI, Sec. 11(c) & (f).

We incorporate by reference the Report of the Board on Professional Responsibility of October 11, 1991. In the Report, the Board describes the discipline imposed on respondent in Virginia for three matters: (1) a public reprimand for neglect for failure to pursue a medical malpractice claim in 1985–86; (2) a one month suspension for neglect in handling a personal injury claim and failure promptly to pay settlement funds to his client, between 1987 and 1990; and (3) a three month suspension and two years probation, effective January 15, 1991, for neglect, lack of zealous representation, and failure promptly to deliver property to a client. Report at 1–2. The Board concludes that only the two year probationary period accompanying a three month suspension is outside the range of sanctions that would be imposed here. Report at 3; D.C.Bar Rule XI, Sec. 11(c). This is, the Board explains, because probation has only been imposed infrequently in this jurisdiction, and only where the respondent's misconduct was influenced by some remediable disability, citing *In re Hirschberg,* 565 A.2d 610 (D.C.1989) (alcoholism); *In re Peek,* 565 A.2d 627 (D.C.1989) (mental illness). The Board concludes that the instant case does not present the occasion to "depart from precedent and impose a lengthy probation period for a pattern of neglect and related misconduct unconnected to any disability." Report at 3. Accordingly, the Board recommends, under Rule XI, Sec. 11(g), a three month suspension.

■ District of Columbia Bar Rule XI, Secs. 11(c) & (f) provide that reciprocal discipline shall be imposed "unless the attorney demonstrates, or the Court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence," D.C.Bar Rule XI, Sec. 11(f), that "[t]he misconduct established warrants substantially different discipline in the District of Columbia." *Id.* Sec. 11(c)(4). Identical discipline shall be imposed unless the discipline imposed in the other jurisdiction is not within the "range of sanctions" which would be imposed in this jurisdiction for the misconduct in question. *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990); *see In re Coury,* 526 A.2d 25, 26 (D.C.1987).[1]

■ In view of the fact that respondent has already been placed on probation, we agree with the recommendation of the Board. Probation has been imposed infrequently in this jurisdiction, and so far only where the respondent's misconduct was influenced by some remediable disability, which is not present in this case. *See, e.g., In re Hirschberg, supra* (alcoholism); *In re Peek, supra* (mental illness); *In re Kersey,* 520 A.2d 321 (D.C.1987) (alcoholism). Thus, probation for misconduct which was not influenced by a remediable disability is not within the "range of sanctions" which have been imposed in this jurisdiction and additional probation would be inappropriate here.[2] Accordingly, it is ordered that respondent shall be and hereby is reciprocally disciplined by a public reprimand and a suspension for a total of four months.

---

1. In order to ascertain whether it is appropriate to apply the "substantially different discipline" exception to the reciprocal discipline rule, the court must: (1) "determine whether the misconduct in question would have resulted in the same punishment here as it did in the disciplining jurisdiction," or if the discipline of the foreign jurisdiction is "within the range of sanctions" that would be imposed in this jurisdiction for the same misconduct; and (2) if "the discipline imposed in this jurisdiction would be different from that of the disciplining court, [the court] must then determine whether the difference is substantial." *In re Garner, supra,* 576 A.2d at 1357.

2. Nothing in our decisions prohibits the Board from recommending probation in a non-disability case.