In re Leonard M. MAZOR, Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 94–BG–1551.

District of Columbia Court of Appeals.

Submitted June 6, 1996.

Decided July 3, 1996.

Before FERREN and RUIZ, Associate
Judges, and BELSON, Senior Judge.

### ORDER

PER CURIAM.

The Board on Professional Responsibility, reciprocal to the action of the State of Michigan Attorney Discipline Board, recommends suspension of the respondent, Leonard M. Mazor, from the practice of law in the District of Columbia for 182 days, with a two-year period of probation thereafter should he petition for and be granted reinstatement. The respondent is a member of the Bar of the State of Michigan as well as an inactive member in the District of Columbia. Upon receipt of notice of Michigan's disciplinary action, this court entered an order suspending the respondent on December 21, 1994, pursuant to D.C. Bar Rule XI, § 11(d).

The respondent has not responded to the show cause order issued at the time he was temporarily suspended under D.C. Bar Rule XI, § 11(d), he has not objected under D.C. Bar Rule XI, § 11(c) to this court's imposition of reciprocal discipline, and no such reasons for objection appear on the face of the Michigan ruling. Thus, this court imposes upon the respondent a suspension of 182 days, retroactive to April 3, 1996, pursuant to D.C. Bar Rule XI, § 11(f)(1).[1]

The State of Michigan Court Rule 9.123(B), pursuant to which the respondent was suspended, requires, among other things, that in order to be reinstated after his suspension, the respondent must show fitness to practice law in that state. The Michigan order also imposes a two-year probation upon reinstatement. In an effort to duplicate those requirements in this reciprocal order, we hereby require proof of rehabilitation under D.C. Bar Rule XI, § 3(a)(2), see D.C. Bar Rule XI, § 16(a), (d), and (e), and impose a two-year period of probation.[2]

1. "[T]he act of suspending an inactive member 'from the practice of law in the District of Columbia' may have a certain theoretical quality to it, although it does of course affect the right to return to active status under [the applicable D.C. Appellate Rule]." *In re William J. Chadwick,* 585 A.2d 798, 799 n. 3 (D.C.1991) (justifying the suspension of an inactive bar member).

2. Upon respondent's petition for reinstatement, the Board may recommend that satisfying the two-year probationary period imposed in the Michigan sanction may be sufficient to fulfill the probation requirement of this order.