**In re Jeanne A. CARR–KENNEDY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–649.**

District of Columbia Court of Appeals.

Submitted March 25, 1997.

Decided Aug. 14, 1997.

Before FERREN and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM.

This reciprocal discipline case comes before us on a report that the State of Michigan Attorney Discipline Board has suspended respondent's license to practice law in Michigan for 240 days and conditioned her

---

reinstatement upon proof of fitness for respondent's neglect of client Duane McGorman. Accordingly, upon consideration of the attached Report and Recommendation of the Board on Professional Responsibility, to which Bar Counsel takes no exception and respondent has not filed an exception, it is

ORDERED that respondent, Jeanne A. Carr–Kennedy, is hereby suspended from the practice of law in the District of Columbia for 240 days. The respondent's interim suspension shall continue, with the formal suspension of 240 days to begin when she files an affidavit in compliance with D.C. Bar R. XI, § 14(g). Her reinstatement is conditioned upon proof of fitness in this jurisdiction.

The Clerk shall cause copies of this order to be transmitted to the Chair of the Board on Professional Responsibility and to respondent, thereby giving notice of the provisions of D.C. Bar R. XI, §§ 14 and 16, which set forth certain rights and responsibilities of suspended attorneys.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS
### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of Jeanne Carr, aka Jeanne Kennedy, aka Jeanne Hoover, Respondent.

Bar Docket No. 181–96

*REPORT AND RECOMMENDATION AND ORDER OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent, a member of the Bars of Michigan and the District of Columbia, was the subject of two disciplinary complaints in the State of Michigan. In the first matter, the State of Michigan Attorney Discipline Board ("Michigan Board"), which has the authority to suspend and disbar, suspended Respondent's license to practice law for 240 days, commencing June 27, 1995, and conditioned her reinstatement upon proof of fitness (the "McGorman" matter, ADB Case

No. 94–221–GA). In the second matter, the Michigan Board ordered that Respondent be suspended for 250 days, effective September 9, 1995, and imposed a fitness requirement (the "Annoni" matter, ADB Case No. 95–62–GA). On April 26, 1996, the United States Court of Veterans Appeals suspended Respondent for an indefinite period of not less than one year and conditioned reinstatement upon proof of personal and professional fitness.

Upon receipt of notice of the disciplinary actions of Michigan and the Court of Veterans Appeals, the District of Columbia Court of Appeals entered an order on June 18, 1996, suspending Respondent pursuant to Rule XI, § 11(d) and directing the Board to recommend whether identical, greater or lesser discipline should be imposed. Bar Counsel recommends imposition of an eleven month or one-year suspension, with a fitness requirement, as reciprocal discipline. Bar Counsel notes that as of July 18, 1996, Respondent has not filed the affidavit required by D.C.App. Rule XI, § 14(g). Respondent has not participated in this proceeding before the Board.

### *FACTUAL BACKGROUND*

Respondent is a member of the Bars of the District of Columbia, Michigan and the United States Court of Veterans Appeals. She was admitted by examination in this jurisdiction in 1986 and was admitted in Michigan in 1990. Until approximately 1993, she was also a teacher in the Lansing, Michigan public school system where she had worked for approximately twenty years. In the early 1990's, Respondent practiced law out of her home in Michigan. She was affiliated with the Veteran's Network Inc. ("VNI"), a business incorporated in Florida. There were two other attorneys associated with VNI, and the three met six to seven times a year, pooled research and wrote briefs. They handled cases before the United States Court of Veterans Appeals.

In 1993 and 1994, Respondent experienced a series of personal difficulties, including moving out of her home and living in a women's shelter, estrangement resulting in a divorce from her husband, and in-patient

treatment for stress, depression and substance abuse. Respondent's legal files were in her home during this period. She testified at one of the disciplinary hearings that she was unreachable by telephone and unable to exercise control over her files, which remained in her former home.

On November 24, 1994, the Michigan Attorney Grievance Commission ("Grievance Commission") filed a complaint against Respondent for alleged ethical misconduct in her representation of Duane McGorman and for her failure to respond to the Grievance Commission's investigation in that matter. A hearing panel found that Respondent engaged in the misconduct charged and recommended that she be suspended for 240 days. The Michigan Board approved the recommendation, suspending Respondent for 240 days, commencing June 27, 1995, until further order of the Michigan Supreme Court, the Michigan Board, or a hearing panel.[1]

On April 12, 1995, the Grievance Commission filed a second complaint against Respondent for alleged ethical misconduct in her representation of Pasquale Annoni and for her failure to respond to the Grievance Commission's investigation. A hearing panel found that Respondent engaged in the misconduct charged and recommended that she be suspended for 250 days. The Michigan Board approved the recommendation, suspending Respondent's license to practice law for 250 days, commencing September 9, 1995, and until she established her eligibility for reinstatement.

On December 6, 1995, the Court of Veterans Appeals issued an order directing Respondent to show cause why she should not be disbarred from practice before it. Respondent submitted a response and thereaf-

ter, the Court's Committee on Admissions and Practice issued a report.[2] The Court of Veterans Appeals suspended Respondent from practice for an indefinite period of not less than one year, after which time Respondent was required to present evidence of her personal and professional rehabilitation as a condition of reinstatement.

## THE UNDERLYING MISCONDUCT

### A. McGorman Matter

Respondent was retained by Duane McGorman to represent him in an appeal concerning veterans benefits. The Grievance Committee charged Respondent with violations of Michigan Court Rules (MCR) 9.104(1)-(4) and Rules 1.1(c), 1.2(a), 1.3, 1.4, 3.2, and 8.4(a) and (c) of the Michigan Rules of Professional Conduct (MRPC).[3] The charges were based on Respondent's neglect of her client's appeal. Respondent failed to stay in reasonable communication with her client, failed to respond to her client's numerous telephone inquiries, and moved her office without informing her client, thereby abandoning him. Respondent also failed to answer the request for investigation submitted by the Grievance Administrator.

A hearing was held on January 20, 1995, at which Grievance Counsel requested a finding of misconduct based on Respondent's default in failing to respond to the complaint. Respondent arrived late at the hearing, after the panel had granted Grievance Counsel's motion for entry of default. State of Michigan Attorney Discipline Board Hearing Transcript, January 20, 1995 ("I Tr.") at 14, 19. The panel allowed Respondent time to review the exhibits offered by Grievance Counsel, and then proceeded to hear testimony on the appropriate sanction. (I Tr. 16–17) Respondent stated that her attorney was not

---

1. Michigan Court Rule (MCR) 9.123(B) provides that an attorney suspended for more than 179 days must establish by clear and convincing evidence that nine requirements for reinstatement are satisfied.

2. Bar Counsel states that the Court of Veterans Appeals declined to provide Bar Counsel with Respondent's response to the show cause order as well as with the Committee on Admissions and Practice report. These materials formed the ba-

sis, along with the Michigan proceedings, of the Court of Veterans Appeals' sanction. See Order, Court of Veterans Appeals, dated April 24, 1996.

3. MRPC Rule 1.1(c) (neglect); 1.2(a) (seek client's lawful objectives); 1.3 (diligence); 1.4 (communication with client); 3.2 (expediting litigation); 8.4(a) (violation of Rules of Professional Conduct); and 8.4(c) (conduct prejudicial to the administration of justice).

present and that she wished to reserve her right to appeal. (I Tr. 19, 39)

Respondent subsequently testified at the hearing concerning the substantial personal difficulties she was experiencing, including her residence at that point in a shelter for women. (I Tr. 20) In addition, she was present for Mr. McGorman's testimony and was allowed to cross-examine him. Mr. McGorman and his wife testified about his multiple, unsuccessful attempts to contact Respondent from October 1993 through November 1994, when he filed the complaint against her. (I Tr. 40–51)

The hearing panel adjourned until April 11, 1995, to complete the sanction phase of the proceeding. Grievance Counsel moved at that hearing for the admission of a number of documentary exhibits, in *State of Indiana v. Jeanne Kennedy*, (July 2, 1994 assault and battery charge brought by Respondent's former husband); *State of Indiana v. Jeanne Kennedy*, (Dec. 9, 1994 charge of operating under the influence of alcohol); *People of State of Michigan v. Jeanne Kennedy* (March 21, 1994 trespass arrest in violation of stay away order); and pleadings in *Kennedy v. Kennedy* (divorce proceeding). The panel admitted all the exhibits. State of Michigan Attorney Discipline Board Hearing Transcript, January 20, 1995 ("II Tr.") at 65–76.

Grievance Counsel inquired of Respondent whether she had a substance abuse problem involving alcoholism. (II Tr. 89) Respondent questioned the relevance of the inquiry and then testified that she did not have an ongoing problem with alcoholism—"it's been dealt with." (II Tr. 89, 91) She also testified that she has an Alcoholics Anonymous ("AA") sponsor and attended three AA meetings a week. (II Tr. 93–95) She testified that she believed that Mr. McGorman was not injured by her failure to communicate since the outcome of his case was to be determined by another case pending review. (II Tr. 100)

The panel recommended a 240 day suspension conditioned upon proof of fitness. The Michigan Board adopted the recommenda-

tion in an Order of Suspension filed June 5, 1995.

## B. Annoni Matter

Respondent was retained by Pasquale Annoni to represent him before the Veterans Administration. Michigan Grievance Counsel charged Respondent with violations of MCR 9.104(1–4) and MRPC 1.1(a)-(c), 1.2(a), 1.3, 1.4, 1.16(a), 3.2 and 8.4(a) and (c), based on her failure to keep Mr. Annoni apprised of the status of his case, failure to stay in communication with him, and having an appeal filed by a Texas attorney associated with VNI without her client's approval. Michigan Grievance Counsel further alleged that Respondent failed to return Mr. Annoni's file to him despite numerous requests.

The Michigan Attorney Discipline Board held a hearing on June 5, 1995. Respondent did not appear at the hearing. State of Michigan Attorney Discipline Board Hearing Transcript, June 5, 1995 ("III Tr.") at 3. Michigan Grievance Counsel asserted that she had mailed notice of the hearing to an address that Respondent had assured her was valid. (III Tr. 13–14) Grievance Counsel's motion for a finding of misconduct as to the allegations of the complaint was granted by the panel without the introduction of any sworn testimony or documentary evidence. (III Tr. 13–14)

The panel then moved to the sanction phase of the proceeding. (III Tr. 14) Based on Grievance Counsel's argument, the panel recommended that Respondent be suspended from the practice of law for 250 days and until she established her eligibility for reinstatement in accordance with MCR 9.123(B) and 9.124. The panel also ordered that Respondent return Mr. Annoni's file to Grievance Counsel within 15 days. The panel expressed grave concern about Respondent's "apparent abandonment of her law practice, her clients and her ethical obligations."

On August 17, 1995, the panel filed its report, and on August 18, 1995, the Michigan Board issued an Order of Suspension, adopting the panel's recommendations.

## DISCUSSION

### A. Analysis of Reciprocal Discipline

Pursuant to Rule XI, § 11, reciprocal discipline will be imposed unless the respondent demonstrates that one of five enumerated exceptions applies.[4] While Respondent has not raised any objection to the imposition of reciprocal discipline, the record before the Board does not conclusively establish that Respondent was actually served with notice of proceedings against her in this jurisdiction. *See In re Pearson*, 628 A.2d 94 (D.C. 1993)[5]. The Board has therefore decided to examine whether there exists an exception to the imposition of reciprocal discipline based on the Michigan record. *Id.; see In re Aldridge*, 664 A.2d 354 (D.C.1995); *cf. In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995). Because the underlying violations are based on a default, the Board has considered whether the exception set forth in Rule XI, § 11(c)(1)("the procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process") or in Rule XI, § 11(c)(2)("there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject") apply.

Bar Counsel asserts that in *In re Pearson, supra*, where the Court declined to impose reciprocal discipline based on a default in the foreign jurisdiction, is not controlling. *Pearson* involved circumstances where the default was entered without an evidentiary hearing, and over the attorney's objection, due to belated and unsatisfactory discovery responses. The attorney raised a defense on the merits which involved the assessment of the complainant's credibility. The Court concluded that the forfeiture of a right to an evidentiary hearing constituted a deprivation of due process under Rule XI, § 11(c)(1) and that the exception under Rule XI, § 11(c)(2), that there was an "infirmity of proof" was also applicable. 628 A.2d at 99.

In the McGorman matter, Respondent received notice of the charges, and appeared at two of the hearings, albeit belatedly in both instances. She did not file an answer to the disciplinary complaint. While she asserted that she had retained counsel, her attorney did not appear at either hearing. Neither Respondent nor her attorney filed a motion to set aside the default as provided for under the Michigan Rules. Grievance Counsel introduced the sworn live testimony of the complainant and his wife during the sanction phase of the proceeding. Respondent cross-examined these witnesses. Respondent did not introduce any evidence at the second half of the sanction proceeding, even though it had been continued to accommodate her. Given this record, the Board concludes that the exceptions set forth in Rule XI, §§ 11(c)(1) and (2) do not apply and that the imposition of reciprocal discipline is appropriate. *See In re Mazor*, 677 A.2d 523 (D.C. 1996); *In re Murg*, Bar Docket No. 223–95 (BPR June 28, 1996).

With respect to the Annoni matter, the Board finds the existence of exceptions under Rule XI, §§ 11(c)(1) and (2). In the Board's view, there is a significant question whether Respondent received notice of the Michigan hearing. *See In re Pearson, supra; In re Williams*, 464 A.2d 115 (D.C.1983); *In re Regent*, Bar Docket No. 235–95 (BPR Jan. 16, 1996); *In re Cate*, Bar Docket No. 346–93 (BPR Dec. 28, 1994). In addition, the Michigan findings are based not on sworn testimony or documentary evidence but solely upon

---

**4.** (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or (3) The imposition of the same discipline by the Court would result in grave injustice; or (4) The misconduct established warrants substantially different discipline in the District of Columbia; or (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

**5.** The Board sent notice of this proceeding to Respondent at the address provided in Bar Counsel's letter referring this reciprocal discipline matter to the Court, which is also her address listed with the District of Columbia Bar. Bar Counsel served his statement concerning the imposition of reciprocal discipline, filed with the Board, upon Respondent at a different address.

 

a default. *See In re Pearson, supra; In re Williams, supra; In re Regent, supra.* The Board accordingly concludes that reciprocal discipline cannot be imposed in the Annoni matter.

## B. Standard of Proof

Bar Counsel has also raised the issue of the Michigan standard of proof in disciplinary matters. In Michigan, misconduct must be proved by a preponderance of the evidence, rather than by the clear and convincing standard used in this jurisdiction. Rule XI, § 11 does not automatically preclude the imposition of reciprocal discipline in cases where the original disciplining jurisdiction applies a preponderance of the evidence standard. *See In re Mazor,* 677 A.2d 523 (D.C. 1996); *see also In re Murg, supra* (Michigan reciprocal proceeding); *In re Benjamin,* D.N. 353–94 (BPR Nov. 9, 1995) (New York reciprocal proceeding). Moreover, as noted by Bar Counsel, the affirmative proof of Respondent's misconduct at the McGorman hearing, including sworn testimony and documentary evidence, provided sufficient evidence to meet a higher standard of proof.

## C. Sanction

The Board agrees with Bar Counsel that Respondent's misconduct in the McGorman matter constitutes misconduct in the District of Columbia. These acts violated MCR 9.104(1)-(4), MRPC 1.1(c), 1.2(a), 1.3, 1.4, 3.2, and 8.4(a) and (c). These Rules are substantially identical to the District of Columbia Rules of Professional Conduct.

On the issue of the proper sanction, there is a "rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining state." *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); *see also In re Gardner,* 650 A.2d 693 (D.C.1994). However, the presumption is overcome where the misconduct warrants substantially different discipline in this jurisdiction. Rule XI, § 11(c)(4).

The range of sanctions for neglect in this jurisdiction ranges from informal admonition to suspension. Where the neglect is aggravated and/or coupled with other violations, lengthy suspensions have been imposed, even in the absence of a disciplinary record. *See, e.g., In re Lyles,* 680 A.2d 408 (D.C.1996)(6 months with fitness requirement); *In re Chisholm,* 679 A.2d 495 (D.C.1996) (same); *In re Steele,* 630 A.2d 196 (D.C.1993)(60 days with fitness requirement). Here, Respondent not only abandoned her client but failed to cooperate with the Michigan Grievance Administrator. The failure to respond to Bar Counsel's inquiries in itself has resulted in suspension with a showing of fitness required as a condition of reinstatement in this jurisdiction. *See In re Smith,* 649 A.2d 299 (D.C.1994); *In re Lockie,* 649 A.2d 546 (D.C. 1994). Based on these cases, the Board concludes that the 240 day suspension with a fitness requirement, imposed in the McGorman matter, is within the range of sanctions that would be imposed if the matter had originated in this jurisdiction.

Because the Court of Veterans Appeals sanction of an indefinite suspension of not less than one-year plus proof of fitness is based on the combined sanction imposed in the McGorman and Annoni matters, the Board believes that the identical discipline should not be imposed here. In addition, because the Board was unable to consider Respondent's response to the Court of Veterans Appeals, which the Court deems confidential pursuant to its Rules of Admission and Practice, the Board was precluded from fully considering the factors upon which that court relied in reaching its decision.

## CONCLUSION

For the foregoing reasons, the Board recommends that in the McGorman matter, the Court impose reciprocal discipline of a 240 day suspension with reinstatement conditioned upon proof of fitness in this jurisdiction. The suspension should run from the time Respondent files an affidavit that complies with the requirements of Rule XI, § 14(g). The Board further Orders the Annoni matter referred to Bar Counsel for such further action as he may deem appropriate.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/
 Karen Kay Christensen
 Chair

Dated:

All members of the Board concur in this Report and Recommendation except for Ms. Zumas, who did not participate.