**In re Monroe Jon MIZEL, Respondent.**

A Member of the Bar of the District
of Columbia Court of Appeals

No. 96–BG–1681.

District of Columbia Court of Appeals.

Submitted Nov. 6, 1997.

Decided Dec. 30, 1997.

Before WAGNER, Chief Judge, and
TERRY and SCHWELB, Associate Judges.

PER CURIAM:

In this reciprocal discipline case, the Board on Professional Responsibility (Board) has recommended that respondent, Monroe Jon Mizel, a member of the District of Columbia Bar, be suspended from the practice of law for a period of ninety days followed by a probationary period of two years with conditions as hereinafter set forth, including supervision by a practice monitor. Respondent filed no brief or exceptions to the Board's report and recommendation in this court. We are satisfied that the findings of the Board are supported by substantial evidence and that its recommended sanction is appropriate; therefore, we adopt it.

**I.**

Respondent was suspended in Maryland upon a finding that he had violated six rules of professional conduct arising out of his representation of two clients between 1990 and 1994. In one case, respondent falsely told a client that he had filed a personal injury case, when he had in fact missed the statute of limitations for filing. Respondent attempted to settle the matter with the client for $1000, but his check was returned for insufficient funds. Ultimately, the client sued respondent and obtained an $8000 judgment which respondent paid. In the second case, respondent agreed to make a subrogation claim on behalf of an insurance company for benefits paid to a client. He failed to file a complaint, ignored the insurance carrier's request for information on the status of the case and failed to return the client's telephone calls or the client's files. Following an evidentiary hearing in Montgomery County, Maryland, the court found that respondent had violated the following Maryland disciplinary rules: Rule 1.1, requiring competence; Rule 1.3, requiring diligence; Rule 1.4, requiring proper communication; Rule 1.8, prohibiting conflict of interest; Rule 1.16(a), re-

quiring termination of representation when disabled; and Rule 8.4(c), prohibiting misrepresentation. The Maryland court also found that respondent's misconduct resulted from depression and that his condition was controlled by medication and therapy.

The Court of Appeals of Maryland suspended respondent from the practice of law effective November 1, 1996 for a period of ninety (90) days to be followed by a two year probationary period with reinstatement subject to his cooperation with a practice monitor and continued treatment with a psychiatrist during the probationary period. The Maryland court also imposed the conditions that: (1) reports from respondent's psychiatrist be submitted quarterly to Maryland Bar Counsel; (2) that the practice monitor co-sign respondent's checks and have access to client files; and (3) that respondent file proof of notification to clients of the suspension and pay court costs.

## II.

 In reciprocal discipline cases, this court will impose identical discipline unless it is determined that "[t]he misconduct established warrants substantially different discipline in the District of Columbia." *In re Larsen*, 589 A.2d 400, 400 (D.C.1991) (citing D.C. Bar R. XI, § 11(f)). The rule creates a rebuttable presumption that discipline in the District will be the same as in the jurisdiction which imposed discipline originally. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). None of the exceptions set forth in D.C.App. R. XI, § 11(c) which would support the imposition of different discipline is present in this case. Therefore, the Board recommended reciprocal discipline.[1] It also recommended local monitoring. *See Larsen*, 589 A.2d at 406. We are persuaded by the Board's reasoning, and therefore, we adopt the Board's uncontested recommendation for sanction. It is therefore,

ORDERED that respondent be and hereby is suspended from the practice of law for a period of ninety days effective upon respondent's compliance with the requirements of Rule XI, § 14(g).[2] It is

FURTHER ORDERED that respondent shall be placed on probation thereafter for a period of two years with the conditions that he cooperate with the assigned practice monitor and submit quarterly reports from his treating psychiatrist to the District of Columbia Bar Counsel and the Board.

---

1. In recommending suspension, the Board considered that suspension is warranted for multiple violations involving two clients under the circumstances presented here. *See In re Lyles*, 680 A.2d 408, 409–10 (D.C.1996); *In re Chisholm*, 679 A.2d 495, 496 (D.C.1996); *In re Mulkeen*, 606 A.2d 136, 138 (D.C.1992). It considered also that respondent had proven depression and causation, although not sufficiently to show rehabilitation for full mitigation. *See In re Peek*, 565 A.2d 627, 633 (D.C.1989); *In re Kersey*, 520 A.2d 321, 326 (D.C.1987).

2. Respondent's affidavit of February 4, 1997, according to the Board, does not comply substantially with Rule XI, § 14(g) in that it does not indicate whether he has notified the Superior Court of the District of Columbia and opposing counsel in *Scott v. Cain*, CA 2208–96, which is pending in that court. *See also* D.C. Bar R. XI, § 14(c) (notice to adverse parties). Respondent did not file an affidavit which would establish his eligibility for favorable treatment under *In re Goldberg*, 460 A.2d 982 (D.C.1983). *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994).