# DISTRICT OF COLUMBIA COURT OF APPEALS

## No. 11–BG–1357

## IN RE ROBERT W. MANCE, RESPONDENT.

A Member of the Bar of the District
of Columbia Court of Appeals

(Bar Registration No. 285379)

On Report and Recommendation of an *Ad Hoc*
Hearing Committee Approving Petition
for Negotiated Discipline

(BDNs 247–09, 369–09, 25–10 & 219–11)

(Decided: January 26, 2012)

Before GLICKMAN and EASTERLY, *Associate Judges,* and FARRELL, *Senior Judge.*

PER CURIAM: In this disciplinary matter, the *Ad Hoc* Hearing Committee ("Committee") recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar Rule XI, § 12.1. Respondent, Robert Mance, admits to violating the following District of Columbia Rules of Professional Conduct: Rule 1.1(a) (failure to provide competent representation), Rule 1.1(b) (failure to serve a client with skill and care), Rule 1.3(a) (failure to provide zealous and diligent representation), Rule 1.5(b) (failure to provide client with a writing stating the rate or basis of fee), Rule 1.7(b) (representing client at a time when his professional judgment may have been affected by his own interest), Rule 1.8 (business transaction with client) and Rule 1.16(d) (failure to timely surrender client's papers upon termination of the representation). These violations stem from his representation of three separate complainants. Respondent and Bar Counsel have negotiated a six-month suspension with reinstatement conditioned upon demonstrating fitness to practice law.

Respondent's admissions were made voluntarily, with the advice of counsel, and in connection with a petition for negoti-

ated discipline filed by Bar Counsel on August 30, 2011.[1] The matter was referred to an *Ad Hoc* Hearing Committee, where respondent admitted the stipulated facts contained in the petition and his own supporting affidavit, admitted that his actions constituted violations of the aforementioned Rules of Professional Conduct, and consented to the sanction agreed upon with Bar Counsel. Respondent confirmed that he was entering into the disposition freely and voluntarily, and not as the result of any coercion or duress.[2]

The first complaint of misconduct stemmed from respondent's representation in a civil matter. Following an appeal to Superior Court from an administrative action, the Superior Court directed respondent to file a brief. Respondent failed to comply or seek an extension resulting in dismissal of the case for want of prosecution. As a result, the complainant lodged a complaint with Bar Counsel. Respondent subsequently met with the complainant, and assured him that he would reopen the case and appeal the dismissal, thereby persuading the complainant to withdraw the complaint with Bar Counsel. Shortly thereafter, respondent entered into a written agreement with this complainant to pay him $19,500 as settlement of "any issues or differences between them." Respondent failed to inform the complainant of his right to seek outside counsel to review this proposed settlement. After executing the agreement, respondent paid $900, but made no further payment and stopped communicating with the complainant, who then renewed his complaint with Bar Counsel (BDN 247–09).

The second complaint of misconduct stemmed from respondent's failure to respond to a request for production of documents (BDN 369–09). Although the trial court directed compliance by a certain date and the complainant personally provided respondent with the subject documents, respondent failed to submit them to opposing counsel. As a result, opposing counsel requested sanctions, which the trial court granted. The subject sanctions included prohibiting the complainant from testifying at trial or presenting any evidence of

---

1. *See* D.C. Bar R. XI, § 12.1(c); Bd. Prof. Resp. R. 17.5.

2. *Id.*

damages or any exhibits at trial. The defendant in that suit then moved for summary judgment, and again respondent failed to respond. The trial court granted the motion and respondent filed an appeal asserting that he had produced the documents by hand delivery, although he never obtained a receipt. This court vacated the order imposing sanctions and the entry of summary judgment and remanded the case. *See Riley v. Metro New U., et al.,* No. 08–CV–1491, 989 A.2d 711 (D.C., February 3, 2010).

The third complaint of misconduct stemmed from respondent's representation in a criminal matter (BDN 25–10). The defendant, who was incarcerated and at the time represented by court-appointed counsel, requested his file from respondent, but respondent failed to produce it. The complainant notified Bar Counsel, who opened an investigation that ultimately led to transmission of the file materials.[3]

In its Report and Recommendation, the *Ad Hoc* Committee has reviewed the circumstances surrounding the three disciplinary events, properly weighed the aggravating and mitigating factors,[4] and found that the facts giving rise to the negotiated discipline did not involve misappropriation, dishonesty or intentional misconduct.[5] As the recommended sanction falls within the range of discipline imposed for similar misconduct, we approve the negotiated discipline.[6] Accordingly, it is

ORDERED that Robert W. Mance, III, is hereby suspended from the practice of law in the District of Columbia for the

---

3. Bar Counsel elected not to pursue additional charges in BDN 219–11, that respondent failed to represent a fourth client with requisite care. Although this claim was not adjudicated, Bar Counsel has reserved the right to present the facts and circumstances of misconduct in connection with any petition for reinstatement.

4. Board of Professional Responsibility Rule 17.5(a)(iii).

5. *See, e.g., In re Steele,* 868 A.2d 146, 153 (D.C.2005).

6. *See In re Evans,* 902 A.2d 56 (D.C.2006) (six-month suspension with final ninety days stayed in favor of one year probation for violating Rules 1.1(a), 1.1(b), 1.7(b)(4) and 8.4(d)); *In re Banks,* 709 A.2d 1181 (D.C.1998) (ninety-day suspension with final thirty days stayed during one year of probation for violating Rules 1.3(a), 1.3(c), 1.4(a) and 1.5(b)).

period of six months. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. Moreover, respondent's restitution to his clients or the client security trust fund shall be a prerequisite to any future reinstatement proceeding on the question of fitness. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*