Before SCHWELB, RUIZ and REID, Associate Judges.

PER CURIAM:

In this reciprocal discipline proceeding, the Board on Professional Responsibility recommends that Marcy M. Hallock, also known as Marcy M. Engelbrecht, be suspended from the practice of law in the District of Columbia for eighteen months for misconduct related to her practice of inflating the hours billed to several clients for work performed by associate attorneys of her law firm, and for falsely representing to a college official that her step-daughter had worked at her firm, thus enabling the step-daughter to improperly obtain college credits. Hallock does not object to the Board's recommendation. We adopt the recommendation of the Board. *See* D.C. Bar R. XI,

---

**In re Marcy M. HALLOCK.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–1629.**

District of Columbia Court of Appeals.

Submitted Nov. 12, 1997.

Decided Nov. 26, 1997.

§ 9(g)(1) (1997) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

The Court of Appeals of Maryland suspended Hallock from the practice of law in that state for eighteen months, effective December 5, 1996. The order suspending Hallock was entered on the basis of a joint petition and consent to suspension, which stipulated that Hallock violated Maryland Disciplinary Rules 1.5 (excessive fees) and 8.4 (conduct involving dishonesty and prejudicial to the administration of justice).[1]

█ There is a presumption that discipline identical to that imposed elsewhere should be imposed in this jurisdiction on a reciprocal basis if that sanction falls within the range that might be imposed in an original case before this court. *See In re Gardner,* 650 A.2d 693 (D.C.1994); D.C. Bar R. XI, § 11. We agree with the Board on Professional Responsibility that the sanction imposed by the Maryland Court of Appeals falls within that range and is appropriate here. Therefore, we order that Marcy M. Hallock be suspended from the practice of law in the District of Columbia for eighteen months *nunc pro tunc*[2] to December 5, 1996, the date of her suspension in Maryland. *See* D.C. Bar R. XI, § 14(f). We refer Hallock to the provisions of D.C. Bar R. XI, §§ 14 and 16, which set forth certain rights and responsibilities of suspended attorneys.

*So ordered.*

---

1. Hallock has also been suspended, on a reciprocal basis, by the United States District Court for the District of Maryland on December 13, 1996, and by the United States Court of Appeals for the District of Columbia on May 2, 1997.

2. Because Hallock timely submitted an affidavit stating that she has not practiced law in the District of Columbia since the imposition of her suspension in Maryland, pursuant to *In re Goldberg,* 460 A.2d 982 (D.C.1983), she is eligible for *nunc pro tunc* consideration to the date of her Maryland suspension.