**In re Obie PINCKNEY, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1227.**

District of Columbia Court of Appeals.

Submitted Sept. 14, 2000.

Decided Sept. 28, 2000.

Before SCHWELB, FARRELL, and GLICKMAN, Associate Judges.

PER CURIAM:

This is a reciprocal disciplinary proceeding resulting from Obie Pinckney, Jr.'s indefinite suspension from the practice of law in Maryland for commingling and other violations of the Rules of Practice in that jurisdiction. In its Report and Recommendation, a copy of which is attached hereto and made a part hereof, the Board on Professional Responsibility has proposed that Pinckney, who is also a

member of our Bar, be suspended from practice in the District of Columbia for one year, with a requirement that he demonstrate fitness before reinstatement.

Pinckney did not participate in the proceedings before the Board, and neither he nor Bar Counsel has excepted to the Board's Report. Applying the deferential standard mandated by our precedents, *see, e.g., In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995), we adopt the Board's recommendation. Accordingly, for the reasons stated by the Board, Obie Pinckney, Jr. is suspended from practice for one year, and he shall thereafter be reinstated to practice only upon proof of fitness. We direct Pinckney's attention to D.C. Bar R. XI, § 14.[1]

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

OBIE PINCKNEY, JR.,

Respondent.

Bar Docket No. 321–98

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

This matter is before the Board for its consideration of the propriety of reciprocal discipline in light of Respondent's suspension in Maryland. Respondent is a member of the Bar of the District of Columbia Court of Appeals ("Court"), having been admitted to the Bar on May 26, 1978. He also was admitted to practice before the Court of Appeals of Maryland ("Maryland court"). ·

On or about June 23, 1998, Respondent and Maryland Bar Counsel executed a petition for indefinite suspension by consent. The petition recites that Respondent faced a pending complaint alleging violations of Maryland Rules 16–601 *et seq.,* in that he had engaged in commingling and other prohibited transactions in an attorney escrow account and had failed to maintain client funds in trust, in violation of Maryland Rules 1.15 and 8.4(a).

On June 25, 1998, the Maryland court indefinitely suspended Respondent from the practice of law and ordered that he not be eligible to apply for reinstatement to practice for at least one year from the effective date of the suspension. The termination of the indefinite suspension is subject to Respondent's satisfying Maryland Bar Counsel that he has engaged a monitor, for a period of two years following his reinstatement and at his own expense, acceptable to Maryland Bar Counsel, who will assist Respondent in establishing an attorney escrow account and procedures for maintaining the account in compliance with the Maryland Rules governing such accounts, will review the escrow account periodically, and will provide a written report to Bar Counsel every three months for the first year, and every six months for the second year following reinstatement. Further, Respondent is required to pay all outstanding costs of the proceeding prior to reinstatement.

Upon receipt of notice of the Maryland court's disciplinary action, the Court entered an order on August 20, 1998 suspending Respondent pursuant to D.C.App. R. XI, Section 11(d). The order also directed Respondent to show cause before this Board why reciprocal discipline should not be imposed, and directed the Board to recommend whether identical, greater or lesser discipline should be imposed as re-

---

1. The court specifically adopts all of the Board's recommendations, including those in the body of the Report relating to proof of fitness, *see In re Berger,* 737 A.2d 1033 (D.C. 1999), and those in the Conclusion relating to the possible appointment of a practice monitor.

ciprocal discipline or whether the Board instead elects to proceed *de novo.*

## ANALYSIS

Reciprocal discipline will be imposed unless the respondent demonstrates that one of the following exceptions to D.C.App. R. XI, Section 11(c) applies:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

▬▬ If the sanction imposed by the disciplining court falls within the range of sanctions that might be imposed in an original case in this jurisdiction, there is "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Gardner,* 650 A.2d 693, 696 (D.C.1994)(quoting *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). Reciprocal discipline may be imposed if the respondent fails to contest it in the manner prescribed in the rules of the Court or the Board. *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995). Respondent has not participated in these proceedings, and has made no effort to rebut the presumption that reciprocal discipline should be imposed. By failing to respond to the Court's show cause order, Respondent defaulted on the issue of whether such cause

exists, admitted the existence of liability, and has conceded that the imposition of reciprocal discipline is warranted. *Goldsborough,* 654 A.2d at 1288.

▬▬ If a respondent does not make a showing that an exception to Rule XI, Section 11(c) applies, the Board may independently consider whether any exceptions are applicable. *In re Spann,* 711 A.2d 1262, 1263 (D.C.1998)(citing *Gardner,* 650 A.2d at 696). However, where, as in this case, neither Bar Counsel nor the respondent opposes the imposition of identical reciprocal discipline, the Court has cautioned that the Board's inquiry should be a limited one. *Spann,* 711 A.2d at 1265. We find that none of the exceptions to Rule XI applies to this case. Respondent had ample notice of the disciplinary proceedings in Maryland and actively participated therein. The misconduct in Maryland, commingling, constitutes misconduct in this jurisdiction. Respondent agreed to the entry of the order of the Maryland court. In doing so, he acknowledged that the sanction imposed was appropriate. Due process is satisfied by Respondent's acknowledgment of the appropriateness of the sanction imposed. *Cf. In re Hallock,* 702 A.2d 1258 (D.C.1997)(per curiam)(reciprocal discipline of 18–month suspension imposed where attorneys agreed to identical sanction by Maryland court); *In re Cornish,* 691 A.2d 156 (D.C.1997)(per curiam)(reciprocal discipline of disability suspension imposed based on attorney's agreement to disability suspension in Maryland).

Reinstatement in Maryland is governed by Maryland Rules 16–713 and 16–714. The Rules provide that an attorney may not practice law after entry of an order of disbarment or suspension. The attorney shall be placed on the register of attorneys after (1) he or she files with Maryland Bar Counsel a verified statement that he or she has complied in all respects with the terms of suspension and (2) Bar Counsel notifies the Clerk of the Maryland Court that the statement has been filed and that Bar

Counsel is satisfied that the attorney has complied with the terms of the suspension. Rule 16–713(a)(2). Reinstatement is summary when Maryland Bar Counsel does not object. *Id.*

Bar Counsel argues that, where, as here, the attorney agrees to a sanction that affords him the opportunity to seek reinstatement rather than makes reinstatement automatic at the conclusion of the period of suspension, the functionally equivalent discipline must include a fitness component. While this case was pending before the Board, however, the Court decided *In re Berger and Awuah,* [737 A.2d 1033] (D.C.1999). Awuah's situation was closely parallel to that of Respondent here. Awuah was indefinitely suspended by the Court of Appeals of Maryland, with the right to apply for reinstatement after 60 days, for violations involving failure to maintain a separate account for the handling of client funds and failure to disburse funds due to a third-party medical provider. [*Id.* at 1038.] Awuah did not participate in the reciprocal discipline proceedings in the District of Columbia, except to advise the Board that he had not been reinstated in Maryland. [*Id.* at 1039]. The Board recommended a 60–day suspension here, but concluded that imposition of a fitness requirement, which in the District of Columbia requires an evidentiary showing that the attorney satisfies the factors set forth in *In re Roundtree,* 503 A.2d 1215 (D.C.1985), constituted "substantially different discipline," within the meaning of Rule XI, § 11(c)(4). The Court disagreed, and concluded that because Awuah had not appeared here to object to reciprocal discipline, the Board's review should be limited to determining if reciprocal discipline would result in an obvious miscarriage of justice, a situation that will rarely, if ever, occur. [737 A.2d at 1044.]

The Board accordingly recommends that the Court impose reciprocal discipline of a one-year suspension with a requirement that Respondent show fitness before rein-statement. At the close of the *In re Berger and Awuah* opinion, the Court provided guidance in a situation, like here, in which the jurisdiction originating the discipline has summary reinstatement procedures that are not provided in original cases in the District of Columbia. [*Id.* at 1045–46.] The Court accepted Bar Counsel's recommendation that once a respondent "has demonstrated fitness to practice pursuant to the summary procedures applicable in the original disciplining jurisdiction, and upon Bar Counsel's representation to this Court that the attorney has satisfied the *Roundtree* criteria," [*id.* at 1045], the respondent should be "relieved of the reinstatement requirement here." *Id.* [at 1045–46.] Through the Board's Rules Committee, the Board and the Office of Bar Counsel are reviewing rule changes necessary to implement this result, since reciprocal summary reinstatement was not previously available under Rule XI or the Board Rules. Pending rule changes, and in order not to delay any further cases in the disciplinary system that involve reciprocal discipline including a showing of fitness originating from jurisdictions that have summary reinstatement processes, the Board recommends that the Court order reciprocal discipline, with reinstatement to be governed by the Board and Court Rules in effect at the time that reinstatement is sought in the District of Columbia.

### CONCLUSION

For the reasons discussed above, we have determined that reciprocal discipline should be imposed in this case, and recommend that Respondent should be suspended for one year with a requirement that he show fitness before reinstatement. It is further recommended that a practice monitor be ordered in this jurisdiction to the same extent required by the Maryland court. It is our recommendation, however, that the Maryland monitor be used and that his or her reports be submitted to Bar

Counsel and the Board.[2] The suspension should be made effective on the date Respondent complies with the requirements of D.C.App. R. XI, Section 14.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/
 Patricia A. Brannan
 Chair

Dated: November 24, 1999

All members of the Board concur in this Report and Recommendation, except Ms. Ossolinski, who did not participate.

---

**2.** This recommendation assumes that Respondent will be reinstated in Maryland and the practice monitor required there will undertake monitoring of Respondent's law practice. If no practice monitor is appointed in Maryland and Respondent is reinstated here, Bar Counsel should notify the Board that the Board should appoint a separate monitor in the District of Columbia. *See In re Mizel,* 703 A.2d 1249, 1250 (D.C.1997); *In re [Berger and] Awuah, supra,* [737 A.2d at 1039].