**In re G. Scott CHRISTENSON,
Respondent.**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 362377).**

No. 06–BG–280.

District of Columbia Court of Appeals.

Submitted Nov. 7, 2007.

Decided Nov. 15, 2007.

Before PRYOR, KERN and
NEBEKER, Senior Judges.

PER CURIAM:

Respondent, G. Scott Christenson, has been a member of the bar of this court since 1982, and maintains membership in the State of California bar and the bar of the United States Court of Appeals for the District of Columbia Circuit. This reciprocal disciplinary matter stems from respondent's suspension from the State of California bar.

■ In 2002, respondent was retained to file an appeal in a criminal matter and received an advance fee of $5000. Respondent failed to meet with his client, file an appeal or return the retainer. The California State Bar Court found respondent violated California Rules of Professional Conduct 3–700(D)(2) (failure to return unearned fees) and California Business and Professional Code § 6068(i) (failure to cooperate and participate in a disciplinary investigation or proceeding).[1] On May 27, 2005, the Supreme Court of California suspended respondent for one year, staying execution of all but sixty days of the suspension, and conditioned reinstatement upon payment of restitution, probationary conditions, and with the requirement that he demonstrate fitness if he failed to comply and was suspended for two or more years. Additionally, respondent was required to take and pass the Multistate

---

1. A default judgment was entered against respondent after he failed to respond to the notice of disciplinary charges. Although respondent promised to file a motion to set aside the default judgment, he failed to do so and did not participate in the subsequent disciplinary proceeding before the California State Bar Court.

Professional Responsibility Examination within one year of the disciplinary order or during the period of actual suspension, whichever was longer.[2] Bar Counsel notified the court of the suspension and on April 4, 2006, we suspended respondent on an interim basis and directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11.

█ In its report and recommendation submitted on December 26, 2006, the Board concluded that respondent should receive identical reciprocal discipline. Bar Counsel does not take exception to the Board's Report and Recommendation and respondent did not file any exception.[3] Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997), and the absence of any mitigating circumstance in the record, we adopt the Board's recommendation. *See In re Pinckney*, 759 A.2d 1069 (D.C.2000) (imposing a one-year reciprocal suspension with a fitness requirement for commingling funds and other prohibited transactions in an attorney escrow account and for failing to maintain client funds in trust); *In re Cater*, 887 A.2d 500 (D.C.2005) (imposition of a fitness requirement requires "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law"). Accordingly, it is

ORDERED that G. Scott Christenson is suspended from the practice of law in the District of Columbia for the period of one year. The suspension is stayed to all but sixty days, with reinstatement subject to satisfying the terms and conditions imposed by the State of California, including payment of restitution, and compliance with probationary conditions. In the event respondent fails to comply with the terms established by the State of California and remains suspended for a period of two or more years, respondent's reinstatement shall be conditioned on the demonstration of fitness to practice law in accordance with D.C. Bar R. XI, § 3(a)(2). Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

█

---

2. On March 6, 2007, the United States Court of Appeals for the District of Columbia Circuit suspended respondent based upon his suspension in the State of California.

3. "Our disciplinary system is adversarial-Bar Counsel prosecutes and Respondent's attorney defends-and although the court is not precluded from imposing a more severe sanc-

tion than that proposed by the prosecuting authority, that is and surely should be the exception, not the norm, in a jurisdiction, like ours, in which Bar Counsel conscientiously and vigorously enforces the Rules of Professional Conduct." *In re Cleaver–Bascombe*, 892 A.2d 396, 412 n. 14 (D.C.2006),