**In re Frank FEIGENBAUM,
Respondent.**

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 426153).

No. 07–BG–131.

District of Columbia Court of Appeals.

Submitted June 12, 2008.

Decided June 26, 2008.

Before GLICKMAN, KRAMER and
FISHER, Associate Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding
against respondent Frank Feigenbaum,[1] a
member of the Bar of the District of Co-
lumbia Court of Appeals, the Board on
Professional Responsibility ("Board") has
recommended to this court that reciprocal
discipline be imposed in the form of a five-
year suspension, with a requirement to
prove fitness as a condition of reinstate-
ment. No exceptions to the Board's Re-
port and Recommendation have been filed.

On November 19, 1999, the Supreme
Court of the State of California ("Califor-
nia Court") suspended respondent for six

---

1. Respondent was admitted to the Bar of the
District of Columbia by motion on December
14, 1990. He was administratively suspended
on December 1, 1997 for non-payment of

dues and failure to file required annual regis-
tration statements, but became active on April
5, 2005.

months, but stayed execution in favor of a one-year period of probation subject to conditions that included ninety days actual suspension. It also ordered respondent to notify his clients and opposing counsel in pending matters of his suspension under California Rule of Court 955(a) and to file an affidavit showing that he had complied with the suspension order under California Rule of Court 955(c).[2] *In re Feigenbaum,* No. 96–O–08704–CEV (Supreme Court of the State of California, July 28, 1999).

The discipline was based on findings that respondent had abandoned a client, failed to notify the client of a scheduled court hearing that respondent did not attend, failed to respond to the client's attempts to communicate, and failed to cooperate with the California disciplinary authorities' investigation. Respondent failed to comply with this order and further proceedings were commenced. In response, respondent filed a "resignation with charges pending";[3] and on July 18, 2000, the California Court issued an order accepting that resignation. *See In re Feigenbaum,* No. 00–Q–12194 (Supreme Court of the State of California, July 18, 2000).

Respondent did not notify District of Columbia Office of Bar Counsel of the discipline. Upon learning of it, Bar Counsel filed certified copies of both orders from the California Court on March 7, 2007. On April 3, 2007, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board either to rec-

ommend reciprocal discipline or proceed de novo. Bar Counsel filed a statement with the Board recommending reciprocal discipline of a five year suspension with a requirement to prove fitness as a condition of reinstatement. Respondent has not filed an objection opposing the imposition of reciprocal discipline, nor has he participated in the proceedings.

 In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline-a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the California proceedings. California Bar Counsel sent a notice of disciplinary charges to respondent by certified mailed, but that mail was returned to sender unclaimed. Respondent was later properly served by first class mail at his official address with notices of assignment and of a status conference to be held on April 28, 1998 which that respondent did not attend. On April 27, 1998, the California Bar Counsel mailed a motion for entry of default, but the motion was returned as unclaimed. Subsequently, respondent requested that a resignation package be sent to his address in Munich, Germany, which was mailed to him. The California Court also sent respondent an order advising him of another

---

**2.** California Rule of Court 955(c) has since been codified as California Rule of Court 9.20.

**3.** The only charge pending at the time was his failure to comply with California Court Rule 955(c).

status conference to be held on July 29, 1998, and another copy of the notice of disciplinary charges and motion for entry of default to the German address. Those mailings were not returned, and respondent did not respond to the motion for entry of default. No subsequent hearing was held[4] and the California Bar Counsel filed a brief with the California Court. The California Court based the discipline on the notice of disciplinary charges deemed admitted by respondent's failure to respond to the motion for entry of default.

As the Board noted, respondent received sufficient notice of the disciplinary matter that the record supports the conclusion respondent had actual knowledge of the California proceedings against him in that the notice of disciplinary charges and the motion for default were mailed to the German address that respondent provided and those mailings were not returned. *See In re Christenson,* 940 A.2d 84, 85 (D.C.2007) (Identical reciprocal discipline was imposed against respondent following a default judgment of suspension by the California Court after respondent failed to respond to the notice of disciplinary charges.). Respondent also received sufficient notice of the instant proceeding because notice was mailed to his preferred address of record, which is the same address respondent listed in his annual registration statement and membership dues for 2007–08. *Cf. In re Powell,* 860 A.2d 836, 837 (D.C.2004) ("Given the Board's numerous attempts to contact respondent, and his failure to inform the bar of his new address ... we conclude that respondent had sufficient notice of this proceeding."). The Board also notes that nothing in the record suggests that respondent attempted to offer a defense nor has he contested the instant reciprocal proceedings.

The Board notes that the particular conduct by which respondent violated the California Court order, namely the failure to file an affidavit stating he notified his clients and opposing counsel of his suspension, would not constitute misconduct subject to discipline in the District of Columbia. The Board also notes the equivalent of the California Rule of Court 955(c), which respondent violated, is D.C. Bar R. XI, § 14(g), and if a respondent was directed to file a 14(g) affidavit and failed to, he would be subject to a disciplinary sanction under D.C. Bar R. XI, § 2(b)(3) for failure to comply with an order of the court. While there are no cases in this jurisdiction by which to measure the California violation, there is a similar precedent in *In re Meisler,* 776 A.2d 1207 (D.C.2001). The respondent received identical reciprocal discipline although there was no original disciplinary precedent in this jurisdiction to support the imposition of disbarment. The board noted in that case that disbarment was not a grave injustice and the lack of precedent in this jurisdiction "counsels deference to the foreign jurisdiction's sanction." *Id.* at 5. Additionally, the Board notes that a five-year suspension with a fitness condition is indeed identical to a resignation from the California Bar because it provides that a petition for reinstatement after a petitioner's resignation with charges pending cannot be filed until five years after the filing of the resignation. *See In re Brown,* 797 A.2d 1232 (D.C.2002) (A reciprocal discipline of five-year suspension with fitness condition was imposed based on a California resignation with charges pending.).

4. California disciplinary proceedings were abated from June 26, 1998 to May 11, 1999, due to a funding crisis and a resulting layoff of disciplinary staff.

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction that the Board recommended.

Accordingly, it is

ORDERED that Frank Feigenbaum is hereby suspended from the practice of law in the District of Columbia for a period of five years. Reinstatement is conditioned on proof of fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*