**In re Marilla Lane ROSS,
Esquire, Respondent.**

**Bar Registration No. 413676.**

**No. 07–BG–819.**

District of Columbia Court of Appeals.

Oct. 23, 2008.

Before GLICKMAN, Associate Judge, NEBEKER and TERRY, Senior Judges.

**ORDER**

PER CURIAM.

On further consideration of the certified copy of the order issued by the Supreme Court of California suspending respondent by default, *see In re Marilla Lane Ross*, no. 04–C–13590 (Cal. November 28, 2006), this court's August 21, 2007, order suspending respondent from the practice of law pending final disposition by this court, the May 30, 2008, Report and Recommendation of the Board on Professional Responsibility recommending a two year suspension with a fitness requirement, stayed in favor of a 30–day suspension or until the California Court grants a motion to terminate the suspension under Rule 205, whichever was longer. The Board also recommended requiring that respondent take and pass the MPRE. And if respondent remained suspended for two or more years, she would be required to prove fitness as a condition for reinstatement, as identical reciprocal discipline to his stipulated California suspension. As there appears to be no exceptions or oppositions to the recommendation, and it further appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Marilla L. Ross, be and hereby is suspended for a two-year period with a fitness requirement. This penalty is stayed in favor of a 30–day suspension or until the California Court grants respondent's motion to terminate the suspension under rule 205, whichever is longer. Respondent shall take and pass the MPRE as conditioned by California. If respondent remains suspended for two or more years in California, she shall be required to prove fitness as a condition for reinstatement. Respondent's suspension is deemed to commence for purposes of reinstatement upon the filing of an affidavit required by D.C. Bar R. XI, § 14(g). *See In re Christenson*, 940 A.2d 84 (D.C. 2007) (where this court imposed similar discipline for similar violations in California); *In re Powell*, 860 A.2d 836, 837 (D.C. 2004) (Because District of Columbia attorneys are obligated to notify the Secretary of the Bar of any change of address within 30 days of such change, the Board properly concluded that respondent was deemed

to have sufficient notice of the proceeding); *In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline).